The opinion of the Court was delivered by
Sergeant, J.
The general rule in relation to a will is, that the estate disposed of must remain in the same condition till the death of the devisor; if the estate be afterwards altered" by the testator, so that it no longer exists as he devised it, the will is inoperative, and the act of alteration is construed a revocation. Parting with a portion of the estate, as by making a lease for life or years, or creating an incumbrance on it, as by mortgage, or conveyance for payment of debts, are only revocations pro tanto. 2 Christ. Black. 373. So a conveyance for partition, is no revocation, lb. But, says Lord Hard-wicks, in Sparrow v. Hardcastle, reported in the note to 7 T. R. 416, when there is a complete disposition of the land without leaving any part of it in the devisor, it is a revocation. If a man make a will devising land, and after execute a feoifment to his own use, it is a revocation of the will, notwithstanding it is in point of law the old use, and will descend ex parte paterna or materna as before. So a feoffment without livery, a bargain and sale not enrolled, or any other imperfect conveyance will be a revocation, because it imports an intention of altering the condition of the estate. So, where after the will, the testator executes any legal conveyance, it is a revocation, because the estate is gone, and the will has lost the subject of its operation. If a man seised of real estate devise it, and after convey the legal estate, though there be only a partial declaration of trust, yet as he has granted the whole estate, it is a revocation of the will. So if a man seised of a legal estate makes his will, and then conveys the legal estate to another in trust for himself, it is a revocation. Parsons v. Freeman, (7 Bac. Ab. 370). These are the legal principles, which have been determined, and they have been inflexibly maintained in analogous cases. 4 Kent’s Com. 513.
A conveyance by the testator in fee simple, of a lot of ground which he had' devised, reserving a ground-rent in lieu of the lot *251 itself, is a complete disposition of his estate in the lot. It is a substitution of an incorporeal hereditament issuing out of the ground, usually, as in this case, with clauses of distress and condition of re-entry to enforce the payment of the rent. On the other hand there is a stipulation for redemption within a certain time, which when it happens, turns it into a sale, and renders the consideration money personal property to those who receive it. These reservations and clauses preserve to the grantor no residuary estate in the land; they create new services and rights instead of it. It somewhat resembles the case of an exchange of lands, which has been held to operate as a revocation, so as to exclude the land taken in exchange, from the operation of a prior devise. Being then an entire transfer and disposal of the estate in the land, there is nothing left for the devise of the lots of ground to operate on, and the will is so far revoked by the subsequent acts of the testator. That the ground rents thus created could not pass by the residuary bequest, as after-acquired property, under our act of Assembly, in force when the will was made, results from the decision in The City of Philadelphia v. Girard, (4 Rawle, 323.)
It is, therefore, the opinion of the Court, that John Shields died intestate as to the two ground rents in question. That they descended to his three brothers, Thomas, Robert, and David, in fee simple, as tenants in common, subject to the widow’s life estate in a moiety. That the conveyances of the widow and two of the brothers, Thomas and David, vested in the plaintiff two-third parts of the said ground rents in fee simple, and an estate for the widow’s life in a moiety of the other third part.
Judgment for the plaintiff according to case stated.