# Gallagher *v.* Hicks.

*Mines and mining—Coal lease—Title—Judgment—Sale—Lease.*

Coal or other minerals may be severed from the surface of the land, and may run in its own different line of title without reference to the other.

A contract regarding coal in place may be a sale absolute, a conditional sale, or a lease.

An owner of land leased to another "all the coal known as the upper Freeport seam, lying or being in, upon or under" a certain tract of land "with the sole and exclusive right" of taking coal, etc., in consideration whereof the lessee agreed to pay the lessor, "the sum of six cents per ton for each and every ton of 2,240 pounds of coal mined or dug from the premises, during the continuance of this lease, which rent or royalty shall be paid monthly." It was further agreed that if sufficient coal was not obtained to make the royalty $50.00 per month, yet the second party was to pay the $50.00 per month, and the payment over and above the royalty earned, was to be considered as an advance payment for coal afterwards mined during the year. The lessee had the right to surrender the lease at any time on payment of all royalties due, and on the other hand the lessor could declare the lease forfeited if the royalty should remain unpaid for three months after it should be due. *Held*, that the lessor had a continuing interest in the land which would be bound by a judgment against him, and that under a sheriff's sale of the right, title and interest of the lessor, the right to the royalties passed to the purchaser,

Argued Oct. 11, 1906. Appeal, No. 113, Oct. T., 1906, by The Apollo Trust Company, from decree of C. P. Armstrong Co., Dec. T., 1905, No. 70, on bill in equity in case of Andrew Gallagher, S. S. Jack, C. H. Truby and R. D. Fiscus v. Lewis W. Hicks, W. G. Chambers, S. M. Nelson and The Apollo Trust Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an account. Before PATTON, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court requiring the defendants to account to the plaintiffs for the royalties accruing under the lease from W. G. Chambers to Lewis W. Hicks.

*Walter J. Guthrie,* for appellant.—After severance of the surface from the underlying strata, the mineral right is an independent interest in land, and forms a distinct possession, is held upon a distinct title and is as much the subject of sale, devise or inheritance and of separate taxation and incumbrance as the surface: Hosack v. Crill, 204 Pa. 97 ; Lillibridge v. Coal Co., 143 Pa. 293 ; Dorr v. Reynolds, 26 Pa. Superior Ct. 139 ; Delaware & Hudson Canal Co. v. Hughes, 183 Pa. 66.

Each estate may be occupied, conveyed, incumbered, sold by the sheriff or allotted in partition without any effect upon the other: Caldwell v. Copeland, 37 Pa. 427 ; Armstrong v. Caldwell, 53 Pa. 284; Kingsley v. Hillside Coal & Iron Co., 144 Pa. 613 ; Sheets v. Allen, 89 Pa. 47 ; Finnegan v. Stineman, 5 Pa. Superior Ct. 124; Clement v. Youngman, 40 Pa. 341 ; Hosack v. Crill, 204 Pa. 97 ; Lazarus's Estate, 145 Pa. 1 ; Kinports v. Boynton, 120 Pa. 306 ; Fryer v. Rishell, 84 Pa. 521 ; Caldwell v. Copeland, 37 Pa. 427 ; Chartiers Block Coal Co. v. Mellon, 152 Pa. 286.

*J. W. King* and *Charles M. Thorp,* with them *Ross Reynolds* and *A. Leo Weil,* for appellees.—After the lease to Hicks, Chambers had an interest in the coal, which was an interest in land, and was bound by the appellees' judgment and passed to the appellees by the sheriff's sale, whereupon the appellees became entitled to receive the royalties and rents payable by

Hicks thereafter: Stewart v. Coder, 11 Pa. 90; Denniston v. Haddock, 200 Pa. 426; Coolbaugh v. Lehigh, etc., Coal Co., 213 Pa. 28.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 7, 1907:

The learned judge below was quite right in holding that this case is ruled by Denniston v. Haddock, 200 Pa. 426, and Coolbaugh v. Coal Co., 213 Pa. 28. Much of the argument of appellant is wide of the mark. There is no question at all that coal or other minerals may be severed from the surface of the land, and may run in its own different line of title without reference to the other. Nor is it disputed that a contract regarding coal in place may be a sale absolute, a conditional sale or a lease. There is nothing revolutionary in the cases referred to. In Denniston v. Haddock it was pointed out that in Hope's Appeal, 29 W. N. C. 365, there was in fact a sale of the coal in place and the case was correctly decided on that basis. But an unfortunate expression in the opinion had been the starting point of a tendency to class together all contracts about coal in place as absolute sales without due regard to each particular contract and the obligation to interpret it by its own terms and intent. What Denniston v. Haddock and the cases which have followed it did was to check the tendency to indiscriminate lumping of all such contracts together and to recall in regard to them the true principles of construction applicable alike to all contracts.

The question in the present case is whether after the lease Chambers had such a continuing interest in the land as would be bound by a judgment subsequently obtained against him. Chambers leased to Hicks " all the coal known as the upper Freeport seam, lying or being in, upon or under " a certain tract of land " with the sole and exclusive right " of taking coal, etc., in consideration whereof Hicks agreed to pay Chambers, " the sum of six cents per ton for each and every ton of 2,240 pounds of coal mined or dug from the premises, during the continuance of this lease, which rent or royalty shall be paid monthly." It was further agreed that if sufficient coal was not mined to make the royalty $50.00 per month, yet the second party was to pay the $50.00 per month, and the payment over and above the royalty earned, was to be considered

as an advance payment for coal afterwards mined during the year. Hicks had the right to surrender the lease at any time on payment of all royalties due, and on the other hand Chambers could declare the lease forfeited if the royalty should remain unpaid for three months after it should be due. These terms are not substantially distinguishable with regard to the lessor's interest from those in Coolbaugh v. Coal Co., 213 Pa. 28, and the language of our Brother BROWN in that case is fully applicable here : " The agreement of the parties is that the minimum rental of $20,000 may be applied by the lessee on account of the purchase money of the coal, provided it will actually purchase and acquire title in the manner pointed out in the agreement, viz., by mining it within six years. Until it is so mined the legal title remains in the lessors, and if not taken from them within six years during the continuance of the lease in the manner stated, the money paid them belongs to them as rental for their land which had been occupied by the lessee, though not used and appropriated by it as it had the right to do. This was just the situation when the interest of Dana in the coal land was seized and sold under the execution against him. If the coal had all been mined, the worked-out space would have reverted to him, and what had not been worked out was under a continuing contingency of reverting to him by a forfeiture of the lease. He still had an interest in the coal as land, title to portions of which, and in the end to all of which, he had agreed should pass from him and become vested, not only equitably, but legally, in the lessee, as from time to time it acquired the legal title to the coal by mining and removing it. But until the legal title was so taken from him it remained in him, as in the case of any vendor of real estate. This is the title that was still in him when it was sold from him by the sheriff to Birbeck and Van Horn, and having acquired it, they are now entitled to all the rights under it."

Chambers therefore had a continuing interest in the land which was bound by the judgment against him, and as under the levy and sale the sheriff conveyed to the purchaser all of Chambers' " estate, right, title, interest, property, claim and demand whatsoever," the right to the royalties passed as it did in Coolbaugh v. Coal Co.

As there were no disputed facts in the case but only a ques-

tion of law on the construction of a writing which involved complainant's right to an account, a court of equity was justified in taking jurisdiction.

Decree affirmed.