## Prager's Estate.

*Decedents' estates—Wills—Oil and gas leases—Severance.*

A devise of a farm, subject to the payment of five thousand dollars, will not carry with it the right to royalties accruing from the sale of the oil and gas therein and under, when such rights have been separated by the testator, and the same sold prior to his death.

The sale and conveyance of all the oil and gas on the farm was a severance of these minerals from the surface or the rest of the fee. Its operation, as to the estate conveyed, was the same whether the consideration was a lump sum payable at once, or in installments, or was in the nature of a royalty on the oil and gas produced and removed. The fact that the purchase money was payable in royalties instead of at one time did not change the character of the sale to that of a lease, and the purchase money or royalties were payable to the executors and not to the heirs or devisees of the testator.

Argued April 27, 1920.    Appeal, No. 43, April T., 1918, by Emma Prager, from decree of O. C. Allegheny County, April T., 1915, No. 25, sustaining exceptions to adjudication in the Estate of George Prager, deceased.    Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Reversed.

Exceptions to adjudication.    Before TRIMBLE, J.

The facts are stated in the opinion of the Superior Court.

592, (1920).] Assignment of Error—Opinion of the Court.

The court sustained the exceptions.

*Error assigned* was the decree of the court.

*George B. Berger,* and with him *Calvert, Thompson & Wilson,* for appellant.—The conveyance by the testator was a sale of the mineral rights of the farm: Hutton v. Carnegie Natural Gas Co., 51 Pa. Superior Ct. 376; Stoughton's App., 88 Pa. 198; Blakely v. Marshall, 174 Pa. 425; Marshall v. Mellon, 179 Pa. 371; McIntosh v. Ropp, 233 Pa. 497, 512.

Where the testator in his lifetime disposed of the property, in whole or in part, which he had prior thereto specifically devised, such devise was, in whole or in part, thereby revoked: Skerrett v. Burd, 1 Whart. 246.

*Harrison Bock,* and with him *Lyon & Hunter,* for appellee.

OPINION BY KELLER, J., July 14, 1920:

On November 12, 1909, George Prager made his will, by which he devised his farm of 110 acres in Indiana Township to his son, John P. Prager, conditioned on the payment to his estate of the sum of five thousand dollars. Several years later, he "granted and conveyed" all the oil and gas in and under said farm to one H. A. Cypher, for the consideration of one dollar and one-eighth of "all oil produced and saved from said premises to be delivered in the pipe line......free of charge," and if gas only was found, "five dollars per annum per pound minute pressure taken in or based on 6¼-inch casing and payable quarterly for the product of each well which the same is being used off the premises and marketed." The deed was duly recorded and the grantee took possession thereunder and discovered oil in paying quantities during the grantor's lifetime. About a year thereafter George Prager died. John P. Prager duly accepted the devise and paid the five thousand dollars.

The question raised by this appeal is his right to the oil and gas royalties which have accrued since the death of his father.

The deed to Cypher was not a mere exclusive right or license to operate for oil and gas, (Funk v. Haldeman, 53 Pa. 229; Kelly v. Keys, 213 Pa. 295), nor a lease of the land for the purpose of operating for oil and gas, (Brown v. Beecher, 120 Pa. 590; Nesbit v. Godfrey, 155 Pa. 251); it was a sale and conveyance of all the oil and gas in place, (Hutton v. Carnegie Natural Gas Co., 51 Pa. Superior Ct. 376; Montooth v. Gamble, 123 Pa. 240). Its effect, therefore, was to sever these minerals from the surface or balance of the land, (Caldwell v. Fulton, 31 Pa. 475, p. 480; Hyde v. Rainey, 233 Pa. 540; Sanderson v. Scranton, 105 Pa. 469), and convey them to the grantee, leaving to the grantor his right to the consideration or purchase money as it fell due and was payable. Its operation, as to the estate conveyed, was the same whether the consideration was a lump sum payable at once, or in installments, or was in the nature of a royalty on the oil and gas produced and removed: Hosack v. Crill, 18 Pa. Superior Ct. 90, p. 98; Hosack v. Crill, 204 Pa. 97. Nor was it material that the deed provided for the removal of the oil and gas within a term of years: Hosack v. Crill, supra; Montooth v. Gamble, supra. Thereafter, Cypher was the owner and in possession of the oil and gas under the farm, as long as they, or either of them, could be produced in paying quantities, (Westmoreland Gas Co. v. Dewitt, 130 Pa. 235), and George Prager owned none of them in situ. His interest in them was limited to the purchase money, that is, to the payment of a certain amount of money proportioned to the amount and pressure of the gas used off the premises and marketed, and to one-eighth of the oil "produced and saved" from the premises, and was personal property which, at his death, vested in his executor and did not pass to his devisee, John P. Prager: Hosack v. Crill, 18 Pa. Superior Ct. 90; Gardner's Est., 199 Pa.

524. The deed in this case was almost identical in its material terms with the agreement in Hutton v. Carnegie Natural Gas Co., supra, which this court held "was neither in terms nor by the name they gave it, a lease of land for the purpose of exploring, drilling and operating for oil and gas, but expressly and in apt terms was a grant of all the oil and gas in and under the described premises" and "was in legal effect, and was actually intended to be, a conveyance of the oil and gas in and under the described land, whereby the title to them, the legal ownership of them, in place, was transferred from the grantor to the grantee."

The case of Hosack v. Crill, 18 Pa. Superior Ct. 90, is almost on all fours with the present one; the only differences being that the subject of the grant in that case was coal instead of oil and gas, and that the will was made after the conveyance instead of before. While owing to the migratory or fugacious character of oil and gas there are certain distinctions existing between them and fixed minerals, there is no difference as respects the interest or estate conveyed by such a deed; and a will is to be construed, with reference to the real and personal estate comprised in it, so as to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will: Act of June 4, 1879, P. L. 88. The conveyance of the oil and gas in the testator's lifetime was a revocation to that extent of the devise of the farm: Skerrett v. Burd, 1 Wharton 246; McTaggart v. Thompson, 14 Pa. 149.

So also Gardner's Est., 199 Pa. 524, is very similar, the subject of the grant being limestone, instead of gas and oil. In that case the lower court, in an opinion approved by the Supreme Court, said: "The words 'grant, bargain and sell' in the agreement between James Gardner, the testator, and George W. Johnson,......are a severance of the title and the limestone becomes a separate tenement from the balance of the land, the royalties

of which are purchase money of real estate. That the purchase money is payable in royalties instead of in solido does not change the character of the sale to that of a lease, and the purchase money or royalties are payable to the executors and not to the heirs or devisees of the testator"; p. 528. Since the Act of April 1, 1909, P. L. 91, the words "grant and convey," used in this deed have a like effect.

That the consideration money for the oil was "reserved" in the deed of conveyance to Cypher did not create a technical reservation, for no oil was reserved in place but only one-eighth of what was produced and saved, that is, one-eighth of what was produced, after it was raised to the surface and had become personal property: D. & H. Canal Co. v. Hughes, 183 Pa. 66, p. 69.

We do not think the case of Weiler's Est., 169 Pa. 66, referred to by the lower court in banc as controlling, is of much weight in determining the question here involved, for the deed to Cypher was, as we have already pointed out, a sale and conveyance and not a lease. Even though John P. Prager was a purchaser of the land, he purchased only what real estate the testator had remaining in the farm at the time of his death. If George Prager, after his deed to Cypher, had conveyed the farm to one with notice of the prior grant of the oil and gas, he would have taken only what real estate was left in the grantor, and would not have been entitled to the royalties from the oil and gas previously conveyed: Hicks v. American Natural Gas Co., 207 Pa. 570; D. & H. Canal Co. v. Hughes, 183 Pa. 66, p. 70.

We are of opinion that the auditing judge was correct in his first disposition of the matter and that the court in banc erred in sustaining the exceptions to his adjudication.

The decree of the court below is reversed and the original schedule of distribution of the auditing judge is reinstated and confirmed. Costs to be paid by the appellee.