## Burke, Appellant, *v.* Pittsburgh Limestone Corporation.

Argued October 14, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Charles E. Harrington* and *Robert E. Ashe,* with them *H. H. Heilman, Jr.,* for appellants.

*Ward McCullough* and *Harry C. Golden,* with them *Howard R. Eulenstein* and *McCullough & House,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, November 17, 1953:

This is a proceeding for a declaratory judgment. We have decided to accept such proceedings even

though under the facts a common law action could have been brought. See *Philadelphia Manufacturers Mutual Fire Insurance Company v. Rose*, 364 Pa. 15, 70 A. 2d 316.

In 1912 I. E. Anthony and wife, being the owners of 50 acres of land in Armstrong County, "granted, bargained, sold, let and leased" to Pittsburgh Limestone *Company Ltd.* all the limestone under 50 acres of land, with, inter alia, the right to mine and remove that mineral. In consideration thereof the company agreed to pay royalty of one cent per long ton with a minimum of $12.50 per quarter.[1]

The title of the grantee became vested in Pittsburgh Limestone *Corporation;* and the title of the grantors, subject to the contract, became vested in W. J. Burke and wife, who, by separate conveyances, also obtained the right to receive the royalties thereon.

In October, 1935, James Croyle had a judgment against the plaintiffs, Burke and wife, which was admittedly a lien on the real estate of the Burkes. A fieri facias was issued on the judgment and the 50 acres were levied upon. There was no special writ or levy in the sheriff's sale other than the ordinary fieri facias. In 1935 the sheriff sold the 50 acres to Mary Kerr, and gave her a deed for the land. Later Mary Kerr sued the Pittsburgh Limestone Corporation for royalties then due. The corporation paid the money into court and an interpleader was framed in which Burke and wife were plaintiffs and Mary Kerr defendant. The issue was tried by a judge without a jury, judgment was entered for the defendant, and the plaintiffs appealed. On appeal to the Superior Court the

---

[1] In the case reported in 142 Pa. Superior Ct. 37, and in the opinion of the court below in the instant proceeding, the minimum royalty is given as $22.50.

judgment of the court below was affirmed. See *Burke et ux. v. Kerr*, 142 Pa. Superior Ct. 37, 15 A. 2d 685.

The opening paragraph of the opinion of the Superior Court stated: "This is an interpleader framed by the court below to determine to whom royalties due from the operator of a limestone quarry should be paid."

The plaintiffs took an appeal to the Supreme Court which, on April 14, 1941, affirmed on the opinion of the Superior Court: *Burke v. Kerr*, 341 Pa. 304, 19 A. 2d 382.

Thenceforth Mary Kerr or her administrator and the guardian of an infant son collected the royalties. On May 12, 1943, the Supreme Court handed down an opinion in *Smith v. Glen Alden Coal Company*, 347 Pa. 290, 32 A. 2d 227, on a somewhat analogous situation, and in the opinion stated that the holding in *Burke v. Kerr*, 142 Pa. Superior Ct. 37, 15 A. 2d 685, (affirmed in 341 Pa. 304, 19 A. 2d 382) and other decisions was out of line with the rational foundation of its decisions; but said that, because of the principle of stare decisis, *Burke v. Kerr*, supra, *Coolbaugh v. Lehigh & Wilkes-Barre Coal Company*, 213 Pa. 28, 62 A. 94, and *Gallagher v. Hicks*, 216 Pa. 243, 65 A. 623, will not be overruled, and then added at page 302: "These three decisions are limited to the holding that the grantor in such a lease retains only a sufficient interest in the thing leased to subject the 'purchase money' *to be paid him* for it to the lien of a judgment against him."

On May 25, 1950, W. J. Burke and wife petitioned for the instant declaratory judgment against Kerr, Administrator of Mary Kerr et al., contending, inter alia, that since *Smith v. Glen Alden Coal Company*, supra, the rule of law was changed and the plaintiffs were entitled to the royalties. They were met by a plea

of res judicata based on the judgment rendered in 142 Pa. Superior Ct. 37, and 341 Pa. 304. The argument of the appellants confuses the rule of stare decisis, law of the case, and res judicata.

Stare decisis simply declares that for the sake of certainty, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different: *Heisler v. Thomas Colliery Co.*, 274 Pa. 448, 452, 118 A. 394; *Monongahela Street Railway Co. v. Philadelphia Company*, 350 Pa. 603, 617, 39 A. 2d 909. As to the doctrine of stare decisis, the Supreme Court in *Smith v. Glen Alden Coal Company*, 347 Pa. 290, 32 A. 2d 227, stated that *Burke v. Kerr*, 142 Pa. Superior Ct. 37, 15 A. 2d 685, 341 Pa. 304, 19 A. 2d 382, would *not* be overruled because of the principle of stare decisis.

"The doctrine of 'the law of the case' is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced that it was erroneous . . . It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata*. 'The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata*; one directs discretion, the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission': Southern Railway Co. v. Clift, 260 U. S. 316, 319. The rule of 'the law of the case' is one largely of convenience and public policy, both of which are served by stability in judicial decisions . . . Thus there is an abundance of authority to the effect that where a prior decision is palpably erroneous, it is competent for the court, not as a matter of

right but of grace, to correct it upon a second review where no wrong or injustice will result thereby, where no rights of property have become vested, where no change has been made in the status of the parties in reliance upon the former ruling, and where, following the decision on a former appeal, the court in another case has laid down a different rule either expressly or by necessary implication overruling the previous decision": *Reamer's Estate,* 331 Pa. 117, 122, 123, 200 A. 35.

The doctrine of res judicata rests on public policy and on hardship to the individual that he should be vexed twice for the same cause. In *Hochman v. Mortgage Finance Corporation,* 289 Pa. 260, 137 A. 252, it was held that the doctrine should receive a liberal construction and should be maintained and applied without technical restrictions. A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies, on the same cause of action. Identity of the thing sued for, the causes of action, of the parties to the action, and of the quality or capacity of the parties suing or sued, is essential to the application of the doctrine: *Fisher Building Permit Case,* 355 Pa. 364, 367, 368, 49 A. 2d 626; *Page v. Kegel,* 127 Pa. Superior Ct. 246, 193 A. 110. It may be observed that the parties to the instant case are privies to the parties in the original case reported in 142 Pa. Superior Ct. 37, 15 A. 2d 685, and affirmed in 341 Pa. 304, 19 A. 2d 382.

*Burke v. Kerr,* 142 Pa. Superior Ct. 37, 15 A. 2d 685, 341 Pa. 304, 19 A. 2d 382, is clearly res judicata as to the present case. All the various identities necessary to the application of the doctrine are present. This Court is without authority to refuse to apply the doctrine.

In order to escape the application of the doctrine the appellant contends that the due process clause of the Federal Constitution, and Article I, §9, of the Constitution of Pennsylvania, are both being violated because in the case of *Burke v. Kerr*, 142 Pa. Superior Ct. 37, 15 A. 2d 685, 341 Pa. 304, 19 A. 2d 382, the court had no jurisdiction to permit a sheriff's sale on a straight fieri facias where the levy was only on real estate and there was no special writ of attachment execution as provided by the Act of 1836, P. L. 755, §35, 12 PS §2265. This contention cannot be sustained. The court did have jurisdiction since it had jurisdiction to enter into the inquiry (*Specktor v. Specktor*, 158 Pa. Superior Ct. 323, 44 A. 2d 767; *Zerbe Township School District v. Thomas*, 353 Pa. 162, 44 A. 2d 566); and there existed only a procedural frailty in said sale, which had to be raised on the appeal from the Common Pleas of Armstrong County in *Burke v. Kerr*, 142 Pa. Superior Ct. 37, 15 A. 2d 685, 341 Pa. 304, 19 A. 2d 382.

In addition to this, Restatement, Judgments, §1, reads: "Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the State and of the parties require that the validity of the claim and any issue actually litigated[2] in the action shall not be litigated again by them." The comment, b, states: "The principle stated in this Section is applicable although the

[2] The Pennsylvania rule is broader and provides that the judgment is "final and conclusive as between the parties to the suit and their privies, in respect to every fact which *might* properly be considered in reaching a judicial determination of the controversy, . . ." *Wallace's Estate*, 316 Pa. 148, 153, 174 A. 397. (Italics supplied).

judgment was erroneous, either on the law or on the facts. The unsuccessful party has an opportunity to attack the judgment by steps properly taken in the action in which the judgment is rendered. He may take proceedings in the trial court to have the judgment set aside. He may take proceedings in an appellate court to have it reversed. He cannot, however, in a subsequent action relitigate the matters determined by the judgment." Thus any mistakes in the original judgment are wrapped up in that judgment and cannot be inquired into thereafter.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

I dissent. I am opposed to an extension of declaratory judgment proceedings, especially where there is an otherwise available and complete remedy or remedies. My reasons are set forth at length in Township of *McCandless v. Wylie et al.*, 375 Pa. 378, 100 A. 2d 590, and need not be repeated here.