## Edson Trust

*Russell J. Brownback* and *Roger B. Reynolds,* for petitioner.

*Wright, Mauck, Hawes & Spencer,* for respondent.

*Gilbert P. High,* for intervening respondent.

VAN RODEN, P. J. (specially presiding), April 6, 1954.—The matter presently before the court involves preliminary objections to a petition to reform a written deed of trust executed by petitioner as settlor on October 2, 1930. The petition was filed in open court on July 3, 1953, and under date of November 10, 1953, the court (per Holland, P. J.) awarded a citation directed to Norristown-Penn Trust Company, the trustee named in the deed of trust, to show cause why the prayer of the petition should not be granted. Subsequently, petitioner's sister, Helen S. Rambo, and her brother, Karl F. Scheidt, petitioned for leave to intervene, and by decree of this court dated February 10, 1954 (per van Roden, P. J., O. C., Del. Co., specially presiding), such leave to intervene was granted. Intervening respondents then filed the preliminary objections presently before the court.

It appears from the uncontroverted facts that on October 2, 1930, petitioner executed a trust agreement covering 1,700 shares of capital stock of the Adam Scheidt Brewing Company which she had received as a gift from her father, the founder and then president of the brewing company. Trustee named in the trust agreement was the Norristown-Penn Trust Company (now Montgomery Norristown Bank and Trust Company), of which petitioner's father was likewise the president. In the trust agreement it was provided that at any general or special meeting of the brewing company, the trustee shall file with the president of the company a proxy authorizing the president to vote all the shares belonging to the trust as fully and effectually as the trustee could do, if present. Petitioner's father voted the proxies at all stockholders' meetings until

his death on October 17, 1933. Thereafter, his son, Karl F. Scheidt, was elected president, and he thereafter voted the proxies of the trustee.

On April 25, 1947, petitioner filed a bill in equity in the Court of Common Pleas of Montgomery County to secure, in the alternative: (1) Termination of the trust; (2) removal of the trustee, or (3) determination that powers given to the trustee as regarding the exercise of voting rights were void as being against public policy.

The court held that the proxy clause was valid, that petitioner was guilty of laches and dismissed the bill. This was affirmed by the Supreme Court of Pennsylvania: Edson v. Norristown-Penn Trust Company, Trustee et al., 359 Pa. 386 (1948).

The present petition, which was filed in the Orphans' Court of Montgomery County, requests the court "to reform her gratuitous agreement of trust, executed by reason of mistake, to the extent that the same is not in accord with her actual intention at the time she executed it, by directing that after the entry of such decree Paragraph 1st shall, in said Agreement, be reformed to read as follows: 'At any general or special meeting of the said Brewing Company, the Trustee shall have the right to vote all shares of stock held by it in trust, either in person, by its duly constituted representative or representatives, or by proxy, and in so doing shall exercise its independent judgment and discretion in respect to the subject matter for which such vote is required'."

The first preliminary objection raises the question as to whether the orphans' court may properly entertain the petition, since it is alleged that jurisdiction has already been acquired by the court of common pleas. If the matter were still in litigation in the common pleas court, the orphans' court would of course decline to give consideration to the matter. However,

the fact that the jurisdiction of the common pleas court was at one time involved does not thereby ipso facto preclude the matter from ever reaching the orphans' court. For example, if the trustee desired to file an account relating to this trust, the orphans' court would present a proper forum. So, too, in the instant case it is our opinion that the jurisdiction of the common pleas court which attached when the bill in equity was filed persisted only until the termination of that controversy by the opinion of the Supreme Court, which was rendered on May 24, 1948. With respect to other matters relating to the same trust, the settlor, the trustee, and the beneficiary alike are privileged to choose the orphans' court as an appropriate forum for the determination of a particular controversy. Accordingly, the first preliminary objection is hereby dismissed.

The second preliminary objection asserts that the issues and questions raised by the instant petition are res judicata, having already been considered and disposed of by the Court of Common Pleas of Montgomery County and by the Supreme Court of Pennsylvania in the litigation above mentioned. It seems apparent, however, that the allegation of mistake, upon which the present petition is entirely based, was not alleged or even suggested in the aforementioned bill in equity. Accordingly, it cannot be said with certainty that the issue of mistake was raised, considered and disposed of in the prior litigation. While a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action, it is essential to the application of the doctrine that there be identity of the thing sued for, the causes of action, of the parties to the action, and of the quality or capacity of the parties suing or sued: Burke v. Pittsburgh Limestone Corporation, 375 Pa. 390, 395 (1953). Reformation

of the trust instrument on the ground of mistake does not clearly appear as the identical issue heretofore decided. We cannot, of course, at this stage of the proceedings determine whether there is any substantive merit to petitioner's present position, and we are not presently prepared to decide whether she did execute the agreement of trust under misapprehension or mistake, nor are we prepared to decide that such a mistake, even if made, could constitute sufficient ground for reformation of the trust agreement. On the other hand, we are not disposed to deprive petitioner of her day in court on mere legalistic grounds. An orphans' court is required to apply equitable principles so as to insure full and complete justice to all litigants. In our opinion, the instant case is not one that warrants summary judgment on the pleadings. Accordingly, the second preliminary objection is hereby dismissed.

The third preliminary objection raises the question of laches. We are not unmindful that petitioner has already been adjudged guilty of laches in connection with the equity action, wherein it was held that laches was apparent upon the face of the bill. However, the doctrine of laches is purely equitable in nature. As stated by the Superior Court of Pennsylvania in Tonkin v. Tonkin, 172 Pa. Superior Ct. 552, 558 (1952), "Laches is an equitable doctrine and its application is governed by equitable principles depending on the particular circumstances of each case".

To preclude relief on the ground of laches, it must not only appear that due diligence has not been shown, but it must also appear that the delay has been prejudicial to the adverse parties: Alker v. The Philadelphia National Bank, 372 Pa. 327, 330 (1953). We feel that the question of laches in the instant case will be more readily answerable after the evidence has been taken rather than on the pleadings alone. Accordingly, the third preliminary objection is hereby dismissed.