In the Matter of Carl L. WAGNER and Margaret R. Wagner, Debtors.

Carl L. WAGNER and Margaret R. Wagner, Plaintiffs,

v.

GLACIAL HOLDING, INC., also known as Glacial Minerals and First National Bank of Fryburg, Defendants.

Bankruptcy No. 82–00506.
Adv. No. 82–0438.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 28, 1983.

Christopher A. Beck and McCrady, Kreimer, Ravick & Bonistalli, Pittsburgh, Pa., for plaintiffs.

Kenneth P. Simon and Reed, Smith, Shaw & McClay, Pittsburgh, Pa. and H. Ray Pope, III, and Pope & Pope, Clarion, Pa., for defendants.

MEMORANDUM AND ORDER DISPOSING OF COAL MINING ROYALTIES

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The First National Bank of Fryburg (Bank) held judgment liens in the amount of some $300,000 against real estate of the debtors in Clarion County, Pennsylvania on December 10, 1981 when said debtors entered into a coal option agreement with Glacial Minerals, Inc. recorded in the office of the Recorder of Deeds of Clarion County May 21, 1982. The agreement gave Glacial an option which included the exclusive right to strip and transport coal from and through the property for a period of five years, or until all marketable coal should be removed, and provided that title to the coal and mining rights would be free and clear of all liens and encumbrances; that

> "Coal Co. can apply any money it may owe Landowners to satisfy liens against the property".

Glacial is holding some $60,000 in escrow in accrued royalties from its coal mining operations beginning October 22, 1982 which the bank contends should be paid to it to apply on its judgment liens and the debtors contend should be paid to them as debtors-in-possession in the pending Reorganization proceeding on the ground that the automatic stay under the Bankruptcy Code has intervened and the royalties are personal property to which the liens of the judgments have not attached.

The judgments under which the bank's liens arise were entered in the Prothonotary's office of Clarion County, Pennsylvania between the dates of June 13, 1979 and June 13, 1980, and their perfection as secured liens against the debtors' real estate in that county is not questioned. The bank cites authorities to the effect that a lease of coal in place until all available merchantable coal shall have been mined and removed is a sale of an estate in fee simple which leaves the lessor with only an interest in the royalty to be paid him under the lease which is personalty: *Smith v. Glen Alden*

Coal Co., 347 Pa. 290, 298–99, 32 A.2d 227, 232 (1943) and cases following it such as *Hummel v. McFadden,* 395 Pa. 543, 150 A.2d 856 (1959), *In re Essex Coal Company,* 411 Pa. 618, 192 A.2d 675 (1963) and *Potts Run Coal Co. v. Benjamin Coal Co.,* 285 Pa.Super. 128, 426 A.2d 1175 (1981). It is not necessary to consider the authorities to the effect that the interest retained by a lessor of mining rights to the point of exhaustion (a possibility of reverter and right to have enough coal remain in place to provide lateral support called a "third estate") is a sufficient interest in land to be subject to the lien of a judgment (*Burke et ux v. Kerr,* 142 Pa.Super. 37, 15 A.2d 685 citing *Coolbaugh v. Lehigh & Wilkes-Barre Coal Co.,* 213 Pa. 28, 62 A. 94, 95, and *Gallagher v. Hicks,* 216 Pa. 243, 65 A. 623) as the involved judgments had attached as perfected liens to the debtors' real estate in Clarion County and all coal in place therein in 1979 and 1980 before the royalty agreement of December 10, 1981 recorded May 21, 1982 was entered into. Whether the interest of the holder of the royalties is realty or personalty is also irrelevant as the liens attached to the land and coal in place prior to the date of the lease and coal option agreement which could thereafter be sold or affected only subject to payment thereof in accordance with the quoted rights of the contractee to have royalty accruals applied thereagainst or otherwise as the bank-owner of said liens may demand. No grounds for permitting the debtors to use said royalties as cash collateral or otherwise having been laid, or requisite assurances of adequate protection against loss to lien creditors as a condition to such use having been provided,

IT IS ORDERED, ADJUDGED and DECREED that the Glacial Coal Company, intervenor, shall pay the accumulated royalties and sums it is holding in escrow from mined coal in the subject premises and further royalties that may accrue therefrom until further Order of Court, to the First National Bank of Fryburg to apply on its judgment liens.