**Jeffrey MERKEL, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HOFMANN INDUSTRIES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 5, 2007.

Decided March 6, 2007.

Michael W. McGurrin, Philadelphia, for petitioner.

Stephen J. Harlen, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Jeffrey Merkel (Claimant)[1] petitions for review of the July 31, 2006, order of the

1. In a prior decision of this court involving Claimant, Claimant's last name was spelled

"Merkle"; however, Claimant's name is

Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to deny and dismiss Claimant's review petition. We affirm.

Claimant filed a review petition, alleging that Hofmann Industries, Inc. (Employer) incorrectly calculated Claimant's average weekly wage (AWW) in connection with Claimant's March 13, 1998, work injury. In response, Employer filed a motion to dismiss, asserting that, in 1999, Claimant filed a review petition raising the identical issue, which had been denied on the merits. (WCJ's Findings of Fact, Nos. 1–2.)

The following facts are not in dispute. On March 7, 2000, the WCJ issued a decision denying Claimant's prior review petition. Claimant appealed to the WCAB, which affirmed on August 17, 2001. Claimant filed a petition for review with this court, which also affirmed. *See Merkle v. Workers' Compensation Appeal Board (Hofmann Industries)*, 796 A.2d 1034 (Pa.Cmwlth.), *appeal denied*, 570 Pa. 702, 809 A.2d 906 (2002) (*Merkle I*), *overruled in part by Zerby v. Workers' Compensation Appeal Board (Reading Anthracite Company)*, 821 A.2d 193 (Pa. Cmwlth.2003), *aff'd sub nom. Colpetzer v. Workers' Compensation Appeal Board (Standard Steel)*, 582 Pa. 295, 870 A.2d 875 (2005) (*Colpetzer II*). Claimant then filed a petition for allowance of appeal with our supreme court, which denied the petition on October 15, 2002, rendering the litigation final as of that date. Afterward, in *Zerby*, this court overruled *Merkle I*. (WCJ's Findings of Fact, Nos. 3–5.)

In his latest review petition, Claimant asserts that Employer should calculate Claimant's AWW pursuant to *Zerby* because that case represents the current state of the law. Employer counters that Claimant's initial review petition was decided in accordance with the law in effect at the time and that the final decision in that case cannot be collaterally attacked by the filing of a subsequent review petition. On November 29, 2004, the WCJ denied and dismissed Claimant's second review petition pursuant to *Hrivnak v. Workers' Compensation Appeal Board (R & L Development)*, 791 A.2d 1281 (Pa. Cmwlth.2002) (holding that changes in decisional law are not applied retroactively to cases that have ended).

Claimant appealed to the WCAB, which affirmed the WCJ's decision based on *Hrivnak* and the doctrine of *res judicata*. In addition, the WCAB rejected Claimant's argument that the law of the case doctrine, as set forth in *Burke v. Pittsburgh Limestone Corporation*, 375 Pa. 390, 100 A.2d 595 (1953), permits a second review of his case. Claimant now petitions this court for review.[2]

## I. Res Judicata

Claimant first argues that the doctrine of *res judicata* does not bar his review petition because there is not an identity of the causes of action. We cannot agree.

Technical *res judicata* applies when four conditions exist: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Henion v. Workers' Compensation Appeal Board (Firpo &*

---

spelled "Merkel" in the petition for review filed in this case.

2. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Sons, Inc.),* 776 A.2d 362 (Pa.Cmwlth. 2001). Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings. *Id.* Here, the subject matter in both the old and new proceedings is Employer's calculation of Claimant's AWW in connection with Claimant's March 13, 1998, work injury. The ultimate issue in both the old and new proceedings is whether Employer erred in calculating the AWW.

Claimant asserts that the issue in the old proceeding was whether his AWW should be calculated under section 309(d.1) of the Workers' Compensation Act (Act)[3] or section 309(d) of the Act,[4] whereas the issue in this new proceeding is **how** his AWW should be calculated under section 309(d) of the Act. However, the doctrine of *res judicata* applies not only to matters that actually were litigated in the old proceeding, but also to matters that could have been, or should have been, litigated in the old proceeding.[5] *Balent v. City of Wilkes–Barre,* 542 Pa. 555, 669 A.2d 309 (1995); *Grube v. Workmen's Compensation Appeal Board (Consolidated Specialties),* 667 A.2d 1224 (Pa.Cmwlth.1995). Although Claimant claims that he did not challenge how his AWW should be calcu-

lated under section 309(d) in *Merkle I,* Claimant could have, or should have, raised that issue.[6] Therefore, the doctrine of *res judicata* bars Claimant from raising that issue in a new review petition proceeding.

## II. Change in Decisional Law

Claimant next argues that, because *Merkle I* was pending appeal to our supreme court when this court decided *Colpetzer v. Workers' Compensation Appeal Board (Standard Steel),* 802 A.2d 1233 (Pa. Cmwlth.2002), *aff'd,* 582 Pa. 295, 870 A.2d 875 (2005) (*Colpetzer I*), this court's decision in *Colpetzer I* should apply. We disagree.

The well-settled principle is that changes in decisional law[7] that occur during litigation will be applied retroactively to cases pending on appeal. *Hrivnak.* Here, Claimant points out that *Merkle I* was pending appeal in our supreme court when this court decided *Colpetzer I.* Thus, Claimant's argument appears to be that our supreme court should have applied this court's decision in *Colpetzer I* in ruling on Claimant's petition for allowance of appeal. However, this court has no authority to review our supreme court's denial of

---

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582(d.1).

**4.** 77 P.S. § 582(d).

**5.** In other words, *res judicata* applies to issues that were, in effect, waived in the old proceeding.

**6.** Claimant argues that he could not have challenged how Employer calculated his AWW under section 309(d) in the old proceeding because, when he filed his review petition in 1999, there was no case law upon which he could have based such a challenge. (Claimant's brief at 16 n. 8.) We are not persuaded by this argument. In 1998, the claimant in *Colpetzer v. Workers' Compensa-*

*tion Appeal Board (Standard Steel),* 802 A.2d 1233 (Pa.Cmwlth.2002), *aff'd,* 582 Pa. 295, 870 A.2d 875 (2005), raised the issue without the benefit of prior case law.

**7.** Claimant argues that *Colpetzer I* was not a change in decisional law because it merely clarified how to calculate an AWW under section 309(d) under the circumstances of that case. (Claimant's brief at 17.) However, in *Zerby,* this court specifically granted reconsideration to address any inconsistency between *Colpetzer I* and *Merkle I* with respect to calculation of the AWW under section 309(d). Ultimately, this court overruled *Merkle I* in favor of *Colpetzer I. See Zerby.* Thus, *Colpetzer I* certainly represented a change in the decisional law on section 309(d).

Claimant's petition for allowance of appeal, and this court's decision in *Colpetzer I* was not binding on our supreme court.

### III. Law of the Case

Finally, Claimant argues that the law of the case doctrine allows Claimant to file a second review petition because the prior decision was palpably erroneous. We disagree.

In *Burke,* our supreme court stated the law of the case doctrine as follows:

> The doctrine of the 'law of the case' is that, when an appellate court had considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal **on another phase of the same case,** reverse its previous ruling even though convinced that it was erroneous ... It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata* .... The rule of 'the law of the case' is one largely of convenience and public policy, both of which are served by stability in judicial decisions ... Thus there is an abundance of authority to the effect that **where a prior decision is palpably erroneous,** it is competent for the court, not as a matter of right but of grace, to correct it upon a second review ... where, following the decision on a former appeal, the court in another case has laid down a different rule either expressly or by necessary implication overruling the previous decision.

*Burke,* 375 Pa. at 394–95, 100 A.2d at 598 (citations omitted) (bolding added) (quoting *Reamer's Estate,* 331 Pa. 117, 122–23, 200 A. 35, 37–38 (1938)).

Claimant fails to understand that the law of the case doctrine applies to a second review by an appellate court on another phase of the **same** case, i.e., a phase that occurs before the case has ended. Once the courts have finally decided a case, even if the judgment is palpably erroneous, "any mistakes ... are wrapped up in that judgment and cannot be inquired into thereafter." *Burke,* 375 Pa. at 397, 100 A.2d at 599. Here, because the case ended when our supreme court denied Claimant's petition for allowance of appeal, the law of the case doctrine does not apply.

Accordingly, we affirm.

### ORDER

AND NOW, this 6th day of March, 2007, the order of the Workers' Compensation Appeal Board, dated July 31, 2006, is hereby affirmed.