J-A20006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRITTANY M. WOLFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRANCH BANKING AND TRUST COMPANY | |
| | No. 1530 WDA 2015 |

Appeal from the Order September 2, 2015
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2015-537-CD

BEFORE:  BOWES, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 07, 2016**

Brittany M. Wolfe appeals from the September 2, 2015 order sustaining preliminary objections in the nature of a demurrer and dismissing her complaint with prejudice.  We affirm.

Ms. Wolfe instituted this action against Branch Banking and Trust Company ("Branch").  The facts underlying her complaint are as follows.  On January 10, 2014, Ms. Wolfe entered into an installment sales agreement for the real estate located at 36 and 36 ¾ E. Long Avenue, DuBois, Clearfield County ("E. Long Avenue") with Paul J. Buckel and Diana C. Buckel ("Debtor-Sellers").  Under the terms of the installment contract, Ms. Wolfe was to pay the Debtor-Sellers $100,000 for the property, with a $50,000 down-payment at the time of signing, and the remainder to be paid through $1,100 monthly

payments for a period of fifty months. Following the tender of Ms. Wolfe's final payment, Debtor-Sellers were to deliver a special warranty deed to Ms. Wolfe. Ms. Wolfe began residing at the E. Long Avenue property in January 2014. Subsequently, she made timely monthly payments to the Debtor-Sellers' bank account with Branch.

On June 5, 2014, Branch transferred a Maryland judgment by confession obtained against Debtor-Sellers to Clearfield County.[1] A judgment lien was thereby placed on the E. Long Avenue property in the amount of $25,836.00. Ms. Wolfe initiated this action to compel Branch to mark the judgment lien encumbering the E. Long Avenue property as satisfied. Branch filed preliminary objections to Ms. Wolfe's complaint, including a preliminary objection in the nature of a demurrer.

The trial court found that the Debtor-Sellers had a legal interest in the E. Long Avenue Property to which the judgment lien could attach, and that Ms. Wolfe had not otherwise pled any basis by which the lien could be considered satisfied or discharged. Therefore, the trial court granted Branch's preliminary objections in the nature of a demurrer and dismissed Ms. Wolfe's complaint with prejudice. Ms. Wolfe filed a timely appeal and

---

[1] The Maryland judgment against Debtor-Sellers, originally valued at $332,792.99, was subsequently reduced to $25,836.00 in bankruptcy proceedings in the Bankruptcy Court of the Western District of North Carolina.

complied with a trial court directive to file a Rule 1925(b) statement of errors complained of on appeal. The court then authored its Rule 1925(a) opinion, and this matter is ready for our consideration.

Ms. Wolfe raises four questions for our review:

I.    Did the Court of Common Pleas err by failing to recognize that the mortgage holder had a security interest in the proceeds of the installment sale which was superior to the junior lien of the Appellee?

II.   Did the Court of Common Pleas err in failing to find that [Ms. Wolfe], by assuming the mortgage, was obligated to pay the balance of her payments to the mortgage holder and not the seller?

III.  Did the Court of Common Pleas err by making a finding that requires payment to a junior lien holder over the security interest of the mortgage holder?

IV.   Did the Court of Common Pleas err in finding that the balance of [Ms. Wolfe's] installment payments were to be paid by direct deposit to the sellers' account at the mortgage holder when [Ms. Wolfe's] Complaint clearly alleges that [Ms. Wolfe] assumed the Sellers' mortgage and was thereby obligated to make said payments to the mortgage holder?

Appellant's brief at iv.

Our standard of review of a trial court's ruling on preliminary objections in the nature of a demurrer is as follows:

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Thus, our scope of review is plenary and our standard of review mirrors that of the trial court. Accepting all material averments as true, we must

determine whether the complaint adequately states a claim for relief under any theory of law.

**Grose v. Procter & Gamble Paper Products**, 866 A.2d 437, 440 (Pa.Super. 2005) (citation and internal quotations omitted). The court must also accept as true all reasonable inferences deducible from the averments. **Juszczyszyn v. Taiwo**, 113 A.3d 853, 856 (Pa.Super. 2015).

Ms. Wolfe filed a twelve paragraph complaint praying for the judgment lien held against Debtor-Sellers to be marked satisfied. As it pertains to the judgment lien against Debtor-Sellers, Ms. Wolfe averred:

10. That judgment was entered by [Branch] against [Debtor-Sellers] on or about June 5, 2014, for the property located at 36 and 36 ¾ E. Long Avenue, DuBois, Clearfield County, Pennsylvania.

11. That Ms. Wolfe was never made aware of debt or obligation between [Debtor-Sellers] and [Branch].

Complaint, 4/15/15, at ¶¶ 10-11. Ms. Wolfe's complaint did not include any other allegations referencing Debtor-Sellers' judgment lien or its satisfaction and discharge.

We do not reach Ms. Wolfe's issues regarding manner of payment, as they do not challenge the heart of the matter, *i.e.*, the lack of any basis within her complaint for deeming the judgment lien against **Debtor-Sellers'** legal interest in the E. Long Avenue property satisfied or otherwise removed. Therefore, even assuming all the averments contained in Ms. Wolfe's complaint are true, she is not entitled to relief. **Grose**, **supra**.

A judgment lien "prevents a **debtor** from encumbering or conveying any real property he might own in such a way as to divest the effect of the judgment, [and] also prevent[s] later lienholders from satisfying their debt without first paying the earlier lien." ***Shearer v. Naftzinger***, 747 A.2d 859, 860-861 (Pa. 2000) (citation omitted) (emphasis added). Furthermore, a judgment against a seller "binds, not only the legal estate, but the beneficial interest that remains in him (which, of course, is an interest in the land to the amount of the unpaid-purchase money)[.]" ***Burke v. Kerr***, 15 A.2d 685, 686 (Pa.Super. 1940).

Under the terms of the installment land contract herein, upon execution, the Debtor-Sellers signed and delivered a special warranty deed to a third party escrow account to be held until the purchase price was paid in full. Complaint, 4/15/15, Exhibit A at ¶ 5. Only upon payment in full, and with notice from the Debtor-Sellers, was the third party to deliver the special warranty deed to Ms. Wolfe. *Id*. Debtor-Sellers promised to "convey legal title to the premises . . . free and clear of all liens, encumbrances and clouds upon the title and otherwise of marketable quality, to [Ms. Wolfe]." *Id*.

Here, the judgment lien entered on the E. Long Avenue property attached to the legal and beneficial interest retained by the Debtor-Sellers. The Debtor-Sellers guaranteed that the deed would be free from that lien at the time the deed was delivered, that is, when Ms. Wolfe tendered her final payment under the installment land contract. Thus, Debtor-Sellers, and not

Ms. Wolfe, held the obligation to ensure the judgment lien was satisfied at the time of conveyance of the E. Long Avenue property.

Ms. Wolfe's issues on appeal represent a fundamental misunderstanding of the nature of the lien encumbering the E. Long Avenue property.[2] Not one of the purported errors levied against the trial court assails its essential holding, that Ms. Wolfe did not present any averments justifying the satisfaction of Debtor-Sellers' judgment lien. Nor does the record reveal why Ms. Wolfe believed it was her obligation, and not that of the Debtor-Sellers, to satisfy that debt, especially as she observed that "a judgment against the seller of the property will attach only to the seller's legal and beneficial interest." Appellant's brief at 6.

Since Ms. Wolfe's averments do not establish any basis for finding the judgment lien against the Debtor-Seller's legal interest in the E. Long Avenue property was satisfied or otherwise discharged, the court did not err in sustaining Branch's preliminary objections in the nature of a demurrer.

Order affirmed.

_____

[2] For example, Ms. Wolfe contends that she assumed Debtor-Sellers' mortgage. Even treating this allegation as true, Ms. Wolfe's assumption of Debtor-Sellers' mortgage would not obligate her to undertake the Debtor-Sellers' payment obligations pursuant to the judgment lien. The Debtor-Sellers' obligations under that lien are a separate lien arising in federal bankruptcy proceedings filed voluntarily by Debtor-Sellers in the United States Bankruptcy Court for the Western District of North Carolina. Trial Court Opinion, 4/15/15, at 2 n.2.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/7/2016</u>