Pee Curiam,
 

 This is an appeal by defendant in an action in trespass to recover damages for personal injuries sustained by minor plaintiff. Defendant filed no affidavit of defense and offered no testimony. Its request for binding instructions was refused. After the jury returned a verdict for defendant, the court below granted plaintiffs’ motion for a now trial. Defendant assigns as error the granting of plaintiffs’ motion and the refusal to give binding instructions in its favor.
 

 Minor plaintiff was a patron of a swimming pool operated by defendant. Steel lockers were furnished for storage of clothes, etc. After returning irom swimming she reached for her purse on the top shelf of her locker, which Avas one in a section of six. As she did so the lockers fell upon her, and she was injured. The lockers were not fastened to the floor but were tied to each other by wire. There was testimony that at least four hours before the accident the lockers were “very loose,” and that the wires which connected them Avere sagging.
 
 *374
 
 Other wires which were intended to secure the hack of the one section to the back of another section were found broken.
 

 We have carefully examined the testimony, and are convinced that it supports the ruling of the court below in refusing binding instructions. See
 
 Cathcart v. Sears, Roebuck & Co.,
 
 120 Pa. Superior Ct. 531, 535, 183 A. 113;
 
 Vetter v. Great Atlantic & Pacific Tea Co.,
 
 322 Pa. 440, 454, 185 A. 613;
 
 Sakach et ux. v. Antonoplos,
 
 298 Pa. 130, 134, 148 A. 58.
 

 The court below was of the opinion that “the verdict of the jury was perverse/’ and that justice demanded that plaintiffs’ motion for a new trial be granted. The order will be affirmed.
 

 We will not reverse an order awarding a new trial in a civil case, where the court below is of the opinion that the verdict is against the weight of the evidence or that the interests of justice require if, unless a palpable abuse of discretion is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action.
 
 Reese v. Pittsburgh Railways Co.,
 
 336 Pa. 299, 300, 9 A. 2d 394;
 
 Hess v. Steiner et al.,
 
 144 Pa. Superior Ct. 249, 250, 19 A. 2d 560. See, also,
 
 Weinfeld v. Funk,
 
 342 Pa. 160, 20 A. 2d 206;
 
 Kerr et ux. v. Hofer et al.,
 
 341 Pa. 47, 17 A. 2d 886.
 

 The order granting a now trial is affirmed.