Brady et al. *v.* Philadelphia (et al., Appellants).

608

Argued November 20, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*James G. Gill,* with him *Bronte Greenwood,* for appellants.

*Victor Frey,* with him *Philip A. Campbell,* for plaintiffs, appellees.

*I. Jerome Stern,* with him *John J. K. Caskie,* Assistant City Solicitor, and *Frank F. Truscott,* City Solicitor, for defendant, appellee.

OPINION BY RENO, J., March 2, 1945:

This action of trespass was instituted against the City of Philadelphia to recover damages for injuries sus-

tained by the wife plaintiff in a fall upon a city sidewalk. The abutting property owners were joined on the record as additional defendants, and the jury returned a verdict in favor of the wife plaintiff for $600 and $213 for the husband plaintiff. The jury apportioned $100 of the verdict against the city and the remaining $713 was assessed against the additional defendants. Additional defendants' motion for judgment n. o. v. was dismissed, and the court below, of its own motion, ordered a new trial because of the form of the verdict and because the evidence of defendants' negligence was thought to be slight. Additional defendants' appeal raises the propriety of the order granting a new trial and the refusal of judgment n. o. v. The city presented no motion for judgment n. o. v., nor did it appeal, but it filed a brief here asking that if judgment be entered for appellants on the whole record a like disposition be made of the judgment against the municipality.

Viewing the record and the reasonable inferences to be drawn from the testimony in the light most favorable to plaintiffs, the following facts appear: Wife plaintiff, hereinafter called plaintiff, was walking in an easterly direction along the south side of Sergeant Street at about six o'clock in the evening of November 10, 1939. The sidewalk was of cement and structurally was in good condition. Plaintiff was looking where she was going, but as it was dusk and the street lights were not lighted at the time, she did not observe any obstructions lying on the pavement, and although she had lived in the immediate neighborhood for a great many years she was not familiar with conditions on Sergeant Street, as she had never before traversed the route she was following on the evening in question. While plaintiff was passing an open lot owned by appellants, she "stepped on something" and was thrown to the ground, and as she tried to arise she saw and felt a number of bricks, approximately a dozen, lying about her on the pavement.

The property in front of which plaintiff fell was purchased by appellants on October 5, 1939, and at that time there was standing a dilapidated brick wall running about five feet along Sergeant Street and at right angles to the street for about fifteen feet along an alley, and a quantity of old bricks and other rubbish was scattered over the premises. Loose bricks, some of which were placed there by trespassing children in the neighborhood, were observed by nearby residents to have been continually on the sidewalk from the date of appellants' acquisition of the property until the accident. Appellants visited their lot every day for the purpose of clearing it of rubble, and on one occasion were expressly advised about the actions of the children, but no positive steps were taken to correct the condition until after the accident when a fence was erected.

In support of their motion for judgment n. o. v. appellants do not dispute their own negligence in permitting obstructions to remain upon the pavement so that the footway was not reasonably safe for the passage of pedestrians, but confine their argument to the question whether the record establishes the proximate cause of the accident and whether plaintiff's conduct was free from contributory negligence.

To sustain the contention that plaintiff did not prove their negligence to be the proximate cause of her injuries, appellants rely principally upon *Foster v. West View Borough,* 328 Pa. 368, 195 A. 82; *Dunkerton v. North Braddock Borough,* 330 Pa. 89, 198 A. 677; and *Pischke v. Dormont Borough,* 153 Pa. Superior Ct. 205, 33 A. 2d 480. These cases are readily distinguishable from the present appeal. They are illustrations of the application of the principle that where several conditions, for only one of which defendant is responsible, may have caused an accident, there can be no recovery in the absence of evidence reasonably tending to show that the actual cause was the one under defendant's

control. Here, the testimony presents no plausible explanation of plaintiff's fall as an alternative to the compelling inference that she was precipitated to the sidewalk by stepping unawares upon a loose brick. Proximate cause, as well as negligence, may be established by circumstantial evidence. From testimony of the nature of a fall, and a factual description of the location and condition of the area in which the fall occurred, a jury may properly determine that the fall was caused by a defect in the area. *Frazier v. Pittsburgh,* 142 Pa. Superior Ct. 88, 15 A. 2d 499; *Silberman v. Dubin,* 155 Pa. Superior Ct. 3, 36 A. 2d 854. A fact deducible from facts and conditions directly proved is neither speculative nor conjectural. *Williams v. Kozlowski,* 313 Pa. 219, 169 A. 148.

Plaintiff's contributory negligence was a matter for the jury's consideration. The light was not good at the scene of the accident, plaintiff was watching where she was going, and she had no prior knowledge of the bricks scattered in her path. *Johnson v. Philadelphia,* 208 Pa. 182, 57 A. 363; *Greene v. Philadelphia,* 279 Pa. 389, 124 A. 134; *O'Brien v. Jeannette Borough,* 128 Pa. Superior Ct. 443, 194 A. 314. Her duty was to be reasonably watchful for her own safety as she proceeded. *Canfield v. Philadelphia,* 134 Pa. Superior Ct. 590, 4 A. 2d 605; *Heinz v. Pittsburgh,* 137 Pa. Superior Ct. 603, 10 A. 2d 100. "But wife plaintiff was not required to keep her eyes fixed continually upon the sidewalk in order to discover possible points of danger. All that the law requires is that she be observant of where and how she is going so as to avoid dangers which ordinary prudence would disclose": *Carton v. Philadelphia,* 146 Pa. Superior Ct. 381, 383, 22 A. 2d 603. Contributory negligence will be judicially declared only in a case where fair and reasonable minds could not disagree as to its existence. *Rea v. Pittsburgh Railways Co.,* 344 Pa. 421, 25 A. 2d 730.

The verdict was improper in form, and granting a new trial for that reason was proper. The liability of a city for injuries suffered by pedestrians by reason of defects or obstructions in its sidewalks is secondary. *Dutton v. Lansdowne Borough,* 198 Pa. 563, 48 A. 494; *Philadelphia v. Reading Co.,* 295 Pa. 183, 145 A. 65. The primary responsibility for the condition of the pavement in front of premises where an accident occurs is on the owner or tenant in possession. *Philadelphia v. Merchant & Evans Co.,* 296 Pa. 126, 145 A. 706; *Bruder v. Philadelphia,* 302 Pa. 378, 153 A. 725; *Baxter v. Homestead Borough,* 120 Pa. Superior Ct. 182, 182 A. 68. Recovery against the city is allowed on the theory that the city has neglected to perform its duty to require the property owner or tenant to maintain the sidewalk in a condition reasonably safe for travel. *Wright v. Scranton,* 128 Pa. Superior Ct. 185, 194 A. 10. Consequently, where the plaintiff is awarded a verdict against the city, the city is entitled to a verdict over against the additinal defendant upon whom the ultimate burden rests. *Ford v. Philadelphia,* 148 Pa. Superior Ct. 195, 24 A. 2d 746. The jury's failure to reach the proper result in this case was undoubtedly due to a misunderstanding of an obscure passage in the charge of the court.

The court below had authority to grant a new trial partly on its conviction that the evidence of negligence was slight. Trial courts always have power to grant new trials when in their opinion the interests of justice require relitigation to arrive at a just result in a given case, and the order will not be reversed unless there appears a manifest abuse of discretion or unless the trial judge certifies that an erroneous rule of law which necessarily determines the outcome of the case was the sole reason for his action. *Hess v. Stiner,* 144 Pa. Superior Ct. 249, 19 A. 2d 560; *Powell v. Garden Court Corp.,* 146 Pa. Superior Ct. 372, 22 A. 2d 605.

Appeal dismissed.