## Fisher Building Permit Case.

Argued October 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Leo Kostman,* with him *M. H. Hirschfield* and *Warren O. MacLean,* for property owners.

*Martin Croissant,* with him *Walter M. Riehl,* for protestants.

OPINION BY MR. JUSTICE DREW, November 25, 1946:

These appeals are from two orders of the court of common pleas, the first of which sustained the action of

the Board of Adjustment of Bethel Township, a second class township of Allegheny County, in revoking a building permit, and the second, following a material change in the factual situation, reversed that board and directed that the permit be issued.

On or about November 22, 1939, James Fisher and his wife took title to Lot No. 7 in Brightwood Heights Plan of Lots in Bethel Township, and thereon erected a dwelling house wherein they now reside. From time to time on and prior to November 5, 1945, they also took title to Lots Nos. 8, 9, 10, 11 and 12 in that plan, as well as to an unnumbered strip of land, not in the plan, but contiguous and running along the northerly line of Lots Nos. 9 and 10. All of these properties, to which the Fishers now hold title, are contiguous.

Pursuant to a permit issued by the township secretary on October 1, 1945, the Fishers had ground broken in January, 1946, for the erection of a barn, partly on Lot No. 9 and partly on the strip of land immediately to the north thereof, for the housing of horses for their own private use. On January 14, 1946, Howard E. Mathews and his wife, who own and reside in a dwelling house situated on Lot No. 13 in the plan, across the street from Lot No. 9, filed an appeal with the board of adjustment of the township. After a hearing, the board sustained the appeal and revoked the permit issued to the Fishers. The latter then appealed to the court of common pleas, and, on April 18, 1946, that tribunal sustained the action of the board and ordered the removal of the barn, which in the meantime had been completed, for the reason that the Fishers were not the owners of the property upon which that structure had been erected when the permit was issued, and further that the building did not come within the restriction of the zoning ordinance requiring the barn to be appurtenant to a dwelling on the same property.

On April 22, 1946, the Fishers made another application to the township secretary for authorization for the barn's erection, and on the same date a permit was issued. The Mathews again appealed to the board of adjustment, and the board sustained the appeal and revoked the permit. The Fishers for the second time appealed to the court of common pleas, which, on July 29, 1946, after hearing, reversed the board and directed that the building permit be issued. Fisher then appealed to this Court from the order entered by the learned court below on April 18, 1946, and the Mathews appealed from the order of July 29, 1946. These appeals were argued together and will be disposed of in one opinion.

Turning first to the appeal of the Mathews, it is contended that the learned court below erred in reversing the board of adjustment and directing that a building permit be issued to appellees, the Fishers, primarily because the order entered on April 18, 1946, was a bar to further proceedings in the premises; and that the land owned by these appellees was not one property and that the barn was not appurtenant to their dwelling, within the meaning of the township zoning ordinance.

There is no merit to the first of these arguments, for obviously the factual situation had changed in a vital respect between the two proceedings. At the time the first permit was issued on October 1, 1945, the court below found as a fact that appellees were not the owners of the property upon which the barn was to be built; whereas on April 22, 1946, when the second permit was issued, the court found that they then did own that land and that the barn would be appurtenant to their dwelling. Therefore, the former decision of the learned court below is not res judicata and that court was not prevented from consideration of the second appeal.

In the case of *Siegfried v. Boyd*, 237 Pa. 55, 59, 85 A. 72, we said: "In order to make a matter res adjudicata

there must be a concurrence of the four following conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made." See *Gordon v. Hartford Sterling,* 350 Pa. 277, 285, 38 A. 2d 229.

In the case at bar there is no "identity of the quality in the persons for or against whom the claim is made". In the first case the appellees did not hold the legal title to the land involved and were held not to be the "owner" thereof. In the present case the appellees are the holders of the legal title and "owner" of the property involved. Hence there is not a concurrence of all of the above stated conditions and the doctrine of res judicata is not applicable.

Nor can we agree with the second contention of appellants, the Mathews. The zoning ordinance in question provides, inter alia: "(Article III, Sect. 2, Sub-division (a) (2): Buildings erected for the housing of domestic animals and fowls, which must be appurtenant to a dwelling already erected upon the same property, shall not be closer to any road, street or highway than the rear wall of the dwelling house erected on said property . . ." In its adjudication of July 29, 1946, the court below found, and there is ample competent evidence to sustain such finding, that the several lots conveyed to the Fishers, to which they had title at the time the township secretary issued the building permit on April 22, 1946, and to which they still hold title, are contiguous and can be considered as one parcel of land; and that this entire tract appellees developed, used and fenced as one property. The learned court committed no error in holding, under the facts here presented, that the barn constructed partly on Lot No. 9 and partly on the lot to the north thereof was appurtenant to the dwelling house erected upon Lot No. 7.

"Appurtenant" is defined in Webster's New International Dictionary, Second Edition, as "Annexed or pertaining to some more important thing", and in Black's Law Dictionary (3rd Edition), as "Belonging to; accessory or incident to; adjunct, appended, or annexed to . . ." We agree with the court below that "The barn, no matter where erected on the property, is erected as an appurtenance to the dwelling in that it is to serve or supplement the same purpose, that is, the comfort, convenience and pleasure of the . . . [Fishers] and the members of their family residing in the dwelling house."

By thus determining that the learned court below committed no error in entering its order of July 29, 1946, the questions raised in the appeal of Fisher from the order of April 18, 1946, are rendered moot and for that reason his appeal is quashed.

Order of July 29, 1946, affirmed at No. 151 March Term, 1946; and appeal at No. 133 March Term, 1946, quashed.