**HARTFORD ACCIDENT AND INDEM-
NITY CO.**

v.

**LEVITT AND SONS, INC.**

No. 25728.

United States District Court
E. D. Pennsylvania.

May 18, 1959.

Thomas E. Comber, Jr., of Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for plaintiff.

Joseph J. Murphy, Philadelphia, Pa., for defendant.

GOODRICH, Circuit Judge.

The plaintiff, insurance carrier for Wm. A. Jarvis, Inc., sues the defendant for contribution. The defendant has filed a motion to dismiss or, in the alternative, for summary judgment in its favor.

■ This litigation is an aftermath of the suit dealt with by this Court in Lebeck v. William A. Jarvis, Inc., D.C. E.D.Pa.1956, 145 F.Supp. 706, and by the Court of Appeals in Lebeck v. William A. Jarvis, Inc., 3 Cir., 1957, 250 F.2d 285. The plaintiff Lebeck suffered very grave injuries from electricity which came from high-tension wires during the course of construction work being performed under a contract between Jarvis and the defendant. He recovered judgment against Jarvis which was affirmed by the Court of Appeals and paid by the present plaintiff. The insurance company, subrogated as it is to whatever rights Jarvis had, is properly suing in its own name as the real party in interest. It acknowledges that its rights rise no higher than those of Jarvis, its insured.

In the suit that Lebeck brought against Jarvis, he also joined Philadelphia Electric Company as a defendant. This company brought in the present defendant, Levitt and Sons, Inc., as a third-party defendant, seeking indemnity under a contract. The present defendant, Levitt, then cross-claimed against Jarvis. Philadelphia Electric went out by a jury verdict, and its third-party claim against Levitt was, of course, decided for the latter. In Levitt's cross-claim against Jarvis, judgment was entered for Jarvis without prejudice to Levitt's right to seek contribution. On appeal Lebeck's judgment against Jarvis was affirmed.

Now the defendant says that Jarvis, (and therefore plaintiff) is barred because it did not assert a counterclaim or cross-claim in the suit just outlined.

Nor did it do so in another suit brought by Lebeck against Crane Operating Company and Levitt in which Levitt asserted a third-party claim against Jarvis.[1]

The basis of defendant's point is Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It states:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

Emphasis in the compulsory counterclaim rule is to be placed on the "shall" and the description of the claim to which the "shall" attaches. It is one "which at the time of serving the pleading the pleader has * * *." This is interesting contrast with the permissive language in Rules 13(g) and 14(a).

■■ It seems clear to me that Jarvis had no matured claim against defendant at pleading time in the law suits outlined above. See Rule 13(e) which provides that a counterclaim maturing after a pleading has been served may be added by permission of court. If Jarvis had won, obviously it would have had nothing for which to claim contribution. Whether it was finally to lose was not settled until the judgment against it was affirmed on appeal. All there was prior to trial was a chance that Jarvis might be compelled to pay and if it did, it might get some money back from defend-ant. The compulsory counterclaim rule as applied to both of the suits in which Jarvis was involved does not bar this action for contribution. The following cases illustrate the proposition that only matured claims are subject to the compulsory counterclaim rule. Cold Metal Process Co. v. United Engineering & Foundry Co., 3 Cir., 1951, 190 F.2d 217; Cyclotherm Corp. v. Miller, D.C.W.D.Pa. 1950, 11 F.R.D. 88.

Defendant argues that the present action is barred by res judicata.

■■■ In the suit that Lebeck brought against Levitt, a new trial had been ordered by the Court of Appeals. 250 F. 2d at page 295. Subsequently when the injured man recovered against Jarvis, the Levitt suit was not pressed, and was dismissed for want of prosecution. Under Rule 41(b) this operates as an adjudication on the merits between plaintiff and defendant in that suit. The judgment would operate as a bar to subsequent suit by plaintiff against the defendant. Restatement, Judgments § 45 (1942). Lebeck v. Levitt is not the same suit as Hartford Company (Jarvis) v. Levitt and Sons, Inc., nor was it for the same cause of action.

Nor does the other division of res judicata, collateral estoppel,[2] apply. The plaintiff admits that had there been a fact adjudication in the Levitt suit, it would be bound by the facts adjudicated since Jarvis had the privilege of asserting defenses on behalf of the defendant. Fed.R.Civ.P. 14(a). But the dismissal involved no adjudication of fact except the want of prosecution. Restatement, Judgments § 68, comment f (1942).

■ In a supplement to its brief, defendant discusses its view of the law of Pennsylvania which it says controls the case on the issue of liability. Of course Pennsylvania tort law controls in this

---

1. Do the rules always attain simplification in practice?

2. The leading case is Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195. See Restatement, Judgments § 68 (1942).

diversity case with a Pennsylvania fact background. But that law must be applied to facts, and we do not have the fact issues to support dismissal or summary judgment. Part of the argument carries the impression that the Court of Appeals was mistaken in its application of Pennsylvania tort law when it decided the Lebeck case. If it did, this Court is not the place to correct that error.

The defendant lists twenty-three grounds for its motion to dismiss. The main ones are covered in this discussion; some of the others are also settled in what has been said. The remainder do not require separate treatment.