## Panati v. Zoning Board of Adjustment

*A. Lefkoe*, for appellants.

*S. Sagendorph*, for Zoning Board of Adjustment.

HONEYMAN, J., June 30, 1960.—Appellants registered a complaint with the Director of Building Regulations of Lower Merion Township, that Dr. and Mrs. Owen J. Toland were subjecting their property to a use which violated the zoning regulations in their district. The director rejected this complaint and, on appeal

therefrom, was sustained by the Zoning Board of Adjustment of Lower Merion Township. The issue before the director and the zoning board was whether a donkey and a pony may be pastured on the Toland property which is located in an "R-2" residential zone.

The property in question is a triangular piece of ground of approximately four acres bounded by Aubrey Road, Fairhill Road and the rear line of properties on Kent Road in Wynnewood, Montgomery County. Three lots extending along Fairhill Road from its intersection with Aubrey Road were cut from this tract and purchased by the appellants and others.

Dr. Toland purchased what remained of this tract from his mother's estate, except for a strip along Fairhill Road which the estate had marked for building lots. Dr. Toland subsequently acquired this strip except for the three lots nearest Aubrey Road which were purchased from the estate at a later date by the appellant and others. Besides the residence, there is situate on the Toland property a barn and stable, a gardener's dwelling and a garage which were accessory buildings to the old Toland residence, now no longer standing. The Tolands maintain a few cows, a donkey and a pony on the property at present and animals have been continuously grazed on the property from a long time before the Zoning Ordinance of 1927.

The donkey and pony are grazed in a fenced pasture which is adjacent to the property owned by the appellant Panati family. This pasture formerly included the property now owned by appellant and does include the strip acquired by Dr. Toland which had been tentatively marked for building lots by his mother's estate. Though tentatively so marked, the property had always been fenced for pasture land, and always remained physically integrated with the rest of the tract.

The issue before the court is whether the zoning board "was guilty of a manifest abuse of discretion or an error of law": Walker v. Zoning Board of Adjustment, 380 Pa. 228, 234 (1955). Section 401(10) of the Zoning Ordinance permits as an accessory use on the same lot a private stable and the board found that the maintenance of a pony and donkey was therefore permissible. Appellant excepted to this finding on the ground that the strip in question had been sub-divided so that the piece of ground where the animals were pastured was a lot separate and apart from the balance of the tract. This exception is not well taken. The principal part of the tract which Dr. and Mrs. Toland own and the pasture area in question are and always have been contiguous. The fact that the estate of Dr. Toland's mother had a plan for subdivision into building lots prepared, and the fact that Dr. Toland had purchased it at a later date than the main body of the tract does not destroy its character as a contiguous portion of the same lot within the meaning of section 401 (10) : Fisher Building Permit Case, 355 Pa. 364 (1946). Therefore, the pasturing of the stabled animals is permissible under the Zoning Ordinance. Since this court agrees with the board of adjustment that the use is authorized by reason of the accessory use allowing private stables, it is not necessary to consider the other grounds advanced by the board to sustain their decision, viz.: that the keeping of the animals was proper within the "tilling of the soil" use and that, because of the history of the tract, the maintaining of the animals on the property was lawful as a nonconforming use within the provisions of the Zoning Ordinance.

*Order*

And now, June 30, 1960, for the foregoing reasons, the decision of the Board of Adjustment of Lower Merion Township is affirmed.