Del Guercio, Appellant, *v.* Zoning Board of Adjustment.

458

Argued November 15, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Anthony D. Pirillo, Jr.*, with him *Frank Carano*, and *Carano and Kunken*, for appellant.

*James L. Stern*, Deputy City Solicitor, with him *Carl K. Zucker*, Assistant City Solicitor, and *David Berger*, City Solicitor, for Zoning Board of Adjustment, appellee.

OPINION BY MR. JUSTICE EAGEN, January 8, 1963:

This is an appeal from an order in the court below affirming the action of the Zoning Board of Adjustment of the City of Philadelphia in granting a permit for the erection of a private garage in a "D-1" Residential district.

Private garages as accessory uses are permitted as a matter of right in "D-1" Residential districts, under the provisions of Section 14-208 of The Philadelphia

Code. By authority of this provision, the board granted the permit. In order to establish the right to an accessory use, the existence of unnecessary hardship need not be proven: *Borden Appeal,* 369 Pa. 517, 87 A. 2d 465 (1952).

The subject vacant lot is a rectangular shaped interior piece of land, which is part of a large triangular shaped interior tract of land bounded by: (1) A three foot wide common alley which is parallel to the 900 block of North 66th Street; (2) A ten foot wide driveway which is parallel to Atwood Road; and, (3) A ten foot wide driveway parallel to Lebanon Avenue. The triangular tract is completely landlocked and has no street frontage of its own. The applicant also owns a lot improved with a private dwelling at 941 North 66th Street which is separated from the subject vacant lot by the three foot common alley. The applicant purchased the lot in 1941, and has since used it for growing vegetables and fruits; the owners of the other interior lots forming a part of the entire triangular tract of land have used their lots for the same purpose.

The protestants contend that the subject lot is unconnected and apart from the main lot and building, and hence, the grant of the permit for the accessory use is illegal. We cannot agree.

The private garage construction contemplated will be appurtenant to the dwelling house of the applicant and will serve and supplement the same purpose, the convenience of the family. Under the circumstances presented, the board was correct in considering the lot involved and the premises of applicant's private dwelling as a single parcel of land. See *Fisher Bldg. Permit Case,* 355 Pa. 364, 49 A. 2d 626 (1946).

There are other obvious grounds why the grant of this accessory use should be affirmed, but further discussion is unnecessary.

Order affirmed.