Stevenson, Appellant, *v.* Silverman.

Argued November 19, 1964. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

reargument refused April 16, 1965.

*Lawrence J. Richette,* for appellants.

*Jerome J. Shestack,* with him *George P. Williams, III, Sidney B. Gottlieb,* and *Schnader, Harrison, Segal & Lewis,* for appellees.

Opinion by Mr. Justice Eagen, March 16, 1965:

This is an appeal from an order below dismissing a petition for a declaratory judgment.

This is the factual background.

On June 4, 1959, Harold Stevenson filed a petition for a declaratory judgment (to No. 199 June Term 1959) in the Court of Common Pleas of Philadelphia County, praying that he be declared the owner of 64 acres of land in the Eastwick section of Philadelphia. After answer filed, a trial, consuming twenty-four days, ensued. Subsequently, the action was dis-

missed and judgment entered for the defendants. On appeal, we affirmed, 412 Pa. 478, 195 A. 2d 268 (1963).

In that action, the plaintiff, Stevenson, claimed title to the land involved because he *or* members of his immediate family had been in continuous, open, exclusive, and hostile possession thereof for more than twenty-one years, and, therefore, *he* was the owner by adverse possession. Stevenson did not maintain or attempt to establish that he personally was in possession for the entire twenty-one year period, but he did urge, and offer testimony to establish, that he was in possession for a portion of the required period, and that members of his family were in successive possession for an additional period of time which, when added together, satisfied the twenty-one year requirement. In other words, the plaintiff's case depended "upon the theory of 'tacking'; that is, that the plaintiff and members of his family together had accomplished that which the law required in adverse possession." Brief for Appellant, p. 69, *Stevenson v. Stein,* 412 Pa. 478, 195 A. 2d 268 (1963). This was the issue raised both by the pleadings and the proof.

At trial, plaintiff offered not only his own testimony to prove the claim, but also that of each and every member of his family who allegedly joined in the successive possession of the land. Many witnesses were offered in contradiction. The lower court decided the issue on the merits and found, inter alia, that neither "the plaintiff or his privies" (members of his family) were in continuous possession "of any part of the land" for the required twenty-one year period, and therefore concluded that one of the necessary elements of adverse possession had not been established.

Shortly after our affirmance of the lower court's findings and judgment, the present proceedings were instituted. The facts alleged herein are precisely identical with those Stevenson sought to establish in the

prior action. These are the only differences in the two proceedings: 1) In the first, Stevenson claimed ownership for himself, and hence was the only party-plaintiff, whereas in the instant proceeding, joint ownership is claimed on behalf of all members of the family who allegedly joined in the successive possession, and all these individuals are now named plaintiffs; 2) Additional parties are named defendants; and, 3) The land claimed has been reduced in area from a total of 64 acres to approximately 62.5 acres.

The lower court dismissed the present action on the principle of res judicata. This order was definitely correct.

For the doctrine of res judicata to prevail, there must be a concurrence of four conditions: 1) Identity in the thing sued upon; 2) Identity of the cause of action; 3) Identity of persons and parties to the action; and, 4) Identity of the quality or capacity of the parties suing or sued: *Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 100 A. 2d 595 (1953), and *Fisher Building Permit Case*, 355 Pa. 364, 49 A. 2d 626 (1946). There can be no doubt but that the present action is an attempt to relitigate the same cause of action, and that all conditions, enumerated above, exist in the present situation, except No. 3, i.e., additional parties-plaintiff and defendants appear in the second action. However, under the facts, the principle still controls. The doctrine of res judicata applies to and is binding, not only on actual parties to the litigation, but also to those who are in privity with them. A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or *their privies* on the same cause of action: *Goldstein v. Ahrens,* 379 Pa. 330, 108 A. 2d 693 (1954); *Burke v. Pittsburgh Limestone Corp.,* supra; *Loughran v. Matylewicz,* 367 Pa. 593, 81 A. 2d 879 (1951); and, *Central Pa. Lumber Co. v. Carter,* 348 Pa. 429, 35 A. 2d

282 (1944). As stated in *Goldstein v. Ahrens,* 379 Pa. at 334, 108 A. 2d at 695: "When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, as between the parties to the suit *and their privies,* final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law adjudged as those facts and points of law relate directly to the cause of action in litigation." (Emphasis supplied).

The members of Stevenson's family, who are now added as parties-plaintiff, were treated and considered by the lower court in the first proceeding as acting in privity with him. On appeal, this Court considered and determined the issue on the same basis. The interest of each and every one was involved and adjudicated. The record permitted no other reasoning. All members of the family had a mutual interest in the action, were present, and joined and participated fully in the prosecution of the litigation. It was an endeavor by, for and on behalf of each and every one. On no other theory could the plaintiff's case have prevailed. Not only was it necessary for the plaintiff to establish that the successive occupants had possessed the property for the full statutory period, but also that privity existed among them. Privity among the adverse possessors was a necessary link to the establishment of the claim. See, *Graffius v. Tottenham,* 1 W. & S. 488 (1841); *Watson v. Gregg,* 10 Watts 289 (1840); *Stark v. Lardin,* 133 Pa. Superior Ct. 96, 1 A. 2d 784 (1938); and, 2 C.J.S. Adverse Possession §129 (1936).

The doctrine of res judicata is based on public policy and seeks to prevent an individual from being vexed twice for the same cause. If any case calls for its application, this is it. As pertinently stated in *Hochman v. Mortgage Fin. Corp.,* 289 Pa. 260, 263, 137 A. 252,

253 (1927) : "The rule should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose,—a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which *the present parties actually had an opportunity to appear and assert their rights.* If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule." (Emphasis supplied).

The cause and rights of all involved have been determined finally. The case should at long last rest in peace.

Order affirmed.