## Stanley v. Pilgrim Life Insurance Company

*Paul A. Liebman*, for plaintiff.
*Rames J. Bucci,* for defendant.

HIRSH, J., August 22, 1973.—On November 3, 1972, plaintiff brought this action in assumpsit against defendant to recover amounts allegedly owing under a credit life insurance contract. This action subsequently proceeded to a default judgment when defendant failed to answer or enter an appearance. On March 1, 1973, defendant petitioned to open the judgment entered against it, but this court, on April 11, 1973, denied that motion. Now, one month later, defendant files the instant petition which is titled "petition to strike the judgment."

The sole issue now before this court is whether this petition to strike the judgment is barred by operation of the rule of res judicata. It is well established that a judgment on the merits rendered by a court of competent jurisdiction is a bar to any future action between the same parties or their privies on the same cause of action: Burke v. Pittsburgh Limestone Corp., 375 Pa. 390 (1953); and Stevenson v. Silverman, 417 Pa. 187 (1965). However, should the rule of res judicata be applied to pretrial motions with the same strictness as it is applied to judgments?

Generally, a party who has submitted his alleged grievance on motion or rule to a court of competent jurisdiction has had his day in court and cannot be heard again on the same matter in another form. In Nevling v. Commercial Credit Co., 156 Pa. Superior Ct. 31 (1944), factually, the converse of the case at bar, the Pennsylvania Superior Court held that proceedings on a petition to open judgment are sufficient for the purposes of res judicata. In that case, after an unsuccessful attempt had been made to strike off the judgment, a petition to open the judgment was filed but it was dismissed on res judicata grounds. See also Schlichtman v. Crawford, 337 Pa. 497 (1940), where the Pennsylvania Supreme Court stated, at page 500, that:

"Appellant's contention that since proceedings to open a judgment are in their nature equitable the adjudication in the prior proceeding cannot be said to be res adjudicata of the present controversy, is likewise untenable. Adjudications in purely equitable proceedings are as res adjudicata of the issues determined therein as are prior judgments at law in pending controversies."

Therefore, the rule of res judicata is clearly applicable to the present matter and it now is necessary for this court to determine whether the elements of res judicata are satisfied.

The requirements for the application of this rule are that there be an identity of the parties and an identity of the subject matter in the two actions: Hochman v. Mortgage Finance Corp., 289 Pa. 260 (1927); Burke v. Pittsburgh Limestone Corp., supra; and Stevenson v. Silverman, supra. Only the second of these requirements merits discussion, as the first is clearly present. In Hochman, at page 263, the Pennsylvania Supreme Court observed that:

"It is a general principle of public policy . . . the rule [of res judicata] should not be defeated by minor differences of form, parties, or allegations, when these are constrived only to obscure the real purpose,—a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, . . . by change in the character of the relief sought, be permitted to nullify the rule."

See also Callery v. Blythe Township Municipal Authority, 432 Pa. 307 (1968).

In its instant petition, defendant essentially argues that the judgment should be stricken, since plaintiff failed to state a cause of action by neglecting to include in her complaint a copy of the writing upon which the cause of action is based and, secondly, since plaintiff lacks any rights under the policy in question. However, cutting through form to substance, it can easily be seen that defendant's instant argument is only a disguised version of the argument this court rejected one month ago on defendant's petition to open the default judgment. Indeed, the present pleadings are practically identical to the former pleadings when the former pleadings are considered without those two paragraphs which were averred to excuse or explain the default judgment. In both matters, the crucial issue is the same and both matters depend on the same facts. Therefore, since the controlling issues and the ultimate objective of the first and second petitions in this case are the same, this court feels compelled to pierce the technicalities and, in accordance with the rule

of res judicata, denies defendant's motion to open the default judgment.

Accordingly, it is, therefore, ordered and decreed that defendant's petition to strike judgment is denied.