418 A.2d 527

**BOROUGH OF WEST VIEW**

v.

**NORTH HILLS SCHOOL DISTRICT, Appellant.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Jan. 18, 1980.

520

George I. Buckler, Pittsburgh, for appellant.

Joseph S. D. Christof, II, Pittsburgh, for appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

VAN der VOORT, Judge:

This action arose on a complaint filed by the Borough of West View against the North Hills School District for indemnity on a fifteen thousand dollar ($15,000) settlement made by the Borough with Mrs. Mary Antal. Mrs. Antal had filed suit. against both the borough of West View and the North Hills School District in the Court of Common Pleas of Allegheny County on July 7, 1971 (hereinafter, the Antal suit) in which she claimed damages for personal

injuries incurred on October 18, 1969, as a result of a fall on a sidewalk abutting property owned by the School District and located in the borough of West View.

The Borough and the School District were co-defendants in the Antal suit. The Borough filed a separate Answer and New Matter in that litigation, but did not assert a cross-claim against the School District. The School District also filed an Answer and New Matter setting up the defense of governmental immunity of the School District from tort liability. On May 25, 1972, a court en banc granted the School District's motion for summary judgment (which it treated as a judgment on the pleadings) on the basis of governmental immunity. No appeal was taken from that judgment.

Thereafter, on September 16, 1974, the Borough paid Mrs. Antal the sum of fifteen thousand dollars ($15,000) in settlement of her claim for damages for personal injuries. Counsel for the School District was called to a conference by the trial judge at the time settlement was agreed upon and he agreed for purposes of any later action by the Borough against the School District that the Borough was liable to Mrs. Antal in the amount of the settlement.

In the interim between the dismissal of the School District from the Antal suit (1972), and the settlement of Mrs. Antal's claim by the Borough (1974), the Supreme Court of Pennsylvania abolished the doctrine of governmental immunity from the suit: *Ayala v. Philadelphia Board of Education*, 453 Pa. 584, 305 A.2d 877, (May 23, 1973).

After paying Mrs. Antal the amount agreed upon in settlement of her claim, the Borough instituted this action against the School District for indemnification. The School District filed an Answer and New Matter setting up the defenses of res judicata and collateral estoppel. The Borough filed a Reply to the New Matter. Both parties accepted a Stipulation of Facts in which the liability of the Borough and the reasonableness of the settlement were agreed upon. Each party then moved for summary judgment. After oral argument, the Lower Court en banc

granted the motion of the Borough and entered judgment in its favor against the School District. This appeal followed.

■ The Borough's claim for indemnification is based upon well-settled Pennsylvania law that the liability of a municipality for injuries to third persons due to a defective or dangerous sidewalk is secondary to that of the abutting property owner: *Flynn v. Chester*, 429 Pa. 170, 173, 239 A.2d 322 (1968); *Brady v. Philadelphia*, 156 Pa.Super. 607, 612, 41 A.2d 355 (1945). The rationale of the rule is stated in *Brady* to be that "recovery against the city is allowed on the theory that the city has neglected to perform its duty to require the property owner or tenant to maintain the sidewalk in a condition reasonably safe for travel. . . . Consequently, where the plaintiff is awarded a verdict against the city, the city is entitled to a verdict over against the additional defendant upon whom the ultimate burden rests."

The School District does not dispute this rule of law, but relies upon the defenses of res judicata and collateral estoppel. The defense of res judicata is based upon the fact that the Lower Court entered a judgment in the Antal case dismissing Mrs. Antal's claim against the School District. The defense of collateral estoppel is based upon the argument that the right of the Borough to indemnification against the School District was necessarily an issue in the Antal case, thereby precluding its retrial here. For the reasons hereinafter stated, we conclude that neither defense is applicable to the situation before us.

■ We first address the issue of res judicata. It is well settled that for a prior judgment to be res judicata, there must be a concurrence of four conditions: (1) an identity in the thing sued for, (2) an identity of the cause of action, (3) an identity of the persons and parties to the action, and (4) an identity of the quality or capacity of the parties suing or sued: *Schubach v. Silver*, 461 Pa. 366, 375, 336 A.2d 328 (1975); *Stevenson v. Silverman*, 417 Pa. 187, 190, 208 A.2d 786 (1965); *Fisher Building Permit case*, 355 Pa. 364, 367–368, 49 A.2d 626 (1946).

A comparison of the case before us with the Antal case demonstrates that the identity necessary to sustain the defense of res judicata is not present. The present action is one sounding in assumpsit for indemnification and the prior proceeding was an action in trespass for damages due to negligence. Mrs. Antal, whose cause of action against the School District was dismissed in the first action, is not a party to the present litigation. Thus, the thing sued for, the causes of action and the parties are different.

The Borough's right of indemnification against the School District, which is the issue in this case, was not in existence at the time of the judgment for the School District in the Antal case. The Borough had made no claim against the School District in the Antal case and could not have done so because the Borough had no cause of action unless and until a judgment was entered against it or it made its payment to the injured third party on the tort claim. The claim for indemnity is a separate and distinct cause of action from the underlying tort claim: *Ashley v. Lehigh & Wilkes Barre Coal Co.*, 232 Pa. 425, 431–432, 81 A. 442 (1911); *Fisher v. City of Philadelphia*, 112 Pa.Super. 226, 234, 170 A. 875, 879 (1934). The principle underlying these decisions is well summarized in 57 *A.L.R.3rd* 867, 881–887 (1974) as follows:

"Similar to the rule usually applied in regard to contribution, the generally recognized rule . . . is that a claim for indemnity based on tort does not accrue, and the statute of limitations does not start to run thereon . . at the time injury was inflicted . . . such claim does not accrue and the statute of limitations does not start to run until the cause of action for indemnity arises, or the indemnitee's liability is fixed and discharged. *The claim accrues at the time the indemnity claimant suffers loss or damage, that is, the time of payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof* by the party seeking indemnity.

The cause of action for indemnity of one whose liability for a tort is secondary or constructive, against one whose liability for the tort is primary, is *separate and distinct*

*from the injured person's cause of action for the tort, and is generally recognized not to be a mere species of subrogation to the tort cause of action.* It is inchoate until judgment is rendered or the claim is settled." (Emphasis added.)

The School District's reliance upon *Love v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1966), *Haines Industries, Inc. v. Allentown*, 237 Pa.Super. 188, 355 A.2d 588 (1975), as authority for its res judicata argument, is misplaced. In both cases, res judicata was applicable because the injured plaintiff attempted to rejoin or reinstate his cause of action against the party which had previously been held to be immune, after the respective immunities in those cases were abolished by the Supreme Court. It is as though Mrs. Antal were attempting to reinstate her claim against the School Board.

The judgment in the Antal case adjudicated Mrs. Antal's claim against the School District, but nothing more. Her claim against the Borough was beyond the scope of the judgment as the Borough's latter settlement of her claim demonstrates. The Borough's then inchoate claim to indemnity against the School District was likewise beyond the scope of the Antal judgment. The Borough had filed no cross-claim against the School District and indeed it had no basis in which to make a claim until Mrs. Antal had successfully obtained payment from the Borough. The judgment for the School District in the Antal case could not have adjudicated the Borough's claim for reimbursement for it had yet come into existence.

Nor does collateral estoppel apply to the present situation. Collateral estoppel is defined in the Restatement of Judgments, § 60(1) as follows: "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . .". This has long been accepted law in Pennsylvania: *Davis v. O'Brien*, 230 Pa.Super. 449, 451, 326 A.2d 511 (1974).

█ Collateral estoppel is applicable to an issue of fact which has been determined in a prior action in which the contending parties had adverse interests. The Antal judgment decided no issue of fact; nor did the School District and Borough have adverse interests. The judgment was based entirely on a rule of law (immunity from suit) since reversed by the Supreme Court. Collateral estoppel has no application to such a situation.

If it be argued that the judgment in the Antal case established the School District's legal immunity from suit by the Borough, either as a matter of res judicata or collateral estoppel, it is sufficient to note that the principle of law on which it was based has since been reversed and that the Borough's claim for indemnity came into being after that reversal.

In summary: There is no factual issue between the parties. They have stipulated that Mrs. Antal was legally entitled to a recovery against the Borough and that fifteen thousand dollars ($15,000) was a reasonable payment. It is not disputed that the Borough was secondarily liable for injury to a third party caused by the negligent maintenance by the School District of its sidewalk; and it is equally beyond dispute that any sum appropriately paid by the Borough in discharge of that secondary liability entitled it to reimbursement by way of indemnification from the School District.

The only dispute is whether the judgment in favor of the School District in the Antal case is res judicata of the claim for indemnification or whether the Borough is collaterally estopped from making a claim for indemnification on the ground that the issue was necessarily litigated in the Antal case.

For the reasons previously given, we have concluded that neither defense is appropriate to this action. Consequently, we conclude that the Lower Court was correct in entering judgment for the Borough against the School District.

Judgment affirmed.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I concur in the result reached by the majority. The Borough's action against the School District for indemnity is not barred as res adjudicata because the Borough's action against the School District for indemnity is different from Mary Antal's tort action against the Borough and the School District. *Hartford Accident & Indemnity Co. v. Levitt & Sons, Inc.*, 24 F.R.D. 230 (E.D. Pa. 1959) (GOODRICH, J.). *See also Kitchen v. Grampian Borough*, 421 Pa. 464, 219 A.2d 685 (1966). Nor is the Borough otherwise estopped from raising the School District's primary liability for Mary Antal's injuries. *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973), which was decided a year after the School District was granted summary judgment in Antal's action, constituted a significant change in the law regarding governmental immunity. *See generally Piso v. Weirton Steel Co., Div. of National Steel Corp.*, 235 Pa.Super. 517, 529, 345 A.2d 728, 734 (1975); Restatement (Second) of Judgments § 68.1 (Tent. Draft No. 3, 1976).