# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John DeRaffele,                             :
              Appellant          :
                              :
      v.                             :  No. 1559 C.D. 2018
                              :  Submitted:  March 15, 2019
City of Williamsport and                    :
Thomas Evansky, Code Inspector              :


**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE ANNE E. COVEY, Judge**
**HONORABLE CHRISTINE FIZZANO CANNON, Judge**


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  August 12, 2019**


John DeRaffele (Appellant), *pro se*, appeals from the order of the Court of Common Pleas of Lycoming County (trial court), dated August 10, 2018, which sustained the preliminary objections of the City of Williamsport (City) and dismissed Appellant's complaint alleging malicious prosecution and civil rights violations.  We now affirm.

## I.  BACKGROUND

For purposes of the instant appeal, the following facts are not disputed. In July of 2015, Williamsport Bureau of Codes Enforcement Officer Thomas Evansky (Evansky) investigated a complaint about the residence at 814 Hepburn Street in Williamsport, Pennsylvania, owned by Appellant.  Upon finding the structure to be without electricity, Evansky posted notice onto the

structure reflecting its condemnation and also mailed a notice of condemnation to Appellant. On September 18, 2015, Evansky returned to the residence and, finding it occupied by tenants and the notice of condemnation removed, cited Appellant for permitting occupation of a condemned and placarded structure in violation of Section 108.5 of the 2015 International Property Maintenance Code (Maintenance Code) purportedly adopted by the City. On November 30, 2015, a Magisterial District Judge convicted Appellant of a violation of Section 108.5 of the Maintenance Code. Appellant appealed to the trial court, which conducted evidentiary hearings and, on April 8, 2016, denied his appeal.

Appellant then appealed the trial court's decision to this Court, and we reversed Appellant's conviction in a reported opinion. *See City of Williamsport Bureau of Codes v. DeRaffele*, 170 A.3d 1270 (Pa. Cmwlth. 2017) (*DeRaffele I*). In *DeRaffele I*, the City passed an ordinance in 2004 purporting to adopt all future editions of the Maintenance Code. We concluded that the City never properly adopted the 2015 version of the Maintenance Code, because Section 11018.13 of the Third Class City Code, 11 Pa. C.S. § 11018.13, did not authorize the City to adopt a future version of a code. As further support for our decision, we discussed our Supreme Court's then-recent decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), which held that an agency's attempt to adopt future versions of a privately produced code by reference constituted a constitutionally impermissible delegation of legislative authority.

Prior to his conviction before the Magisterial District Judge and the subsequent appeals, Appellant filed a suit in the United States District Court for the Middle District of Pennsylvania (district court). His complaint in that action, as ultimately amended, named the City as the sole defendant and alleged that the City

2

prosecuted him under an invalid ordinance in violation of due process of law and as retaliation for his lawful behavior. The district court interpreted Appellant's complaint as asserting a claim under 42 U.S.C. § 1983 (Section 1983) and dismissed the complaint with prejudice on May 4, 2018, subsequent to his conviction and this Court's decision in *DeRaffele I. DeRaffele v. City of Williamsport*, (M.D. Pa., No. 4:15-CV-02186, filed May 4, 2018) (*DeRaffele II*).

Following our decision in *DeRaffele I,* but before the district court's dismissal of the complaint in *DeRaffele II*, Appellant filed with the trial court the instant complaint against the City and Evansky (Complaint), alleging that they prosecuted Appellant for violation of the Maintenance Code despite their knowledge that the City never properly adopted it. Essentially, the Complaint alleges that the City and Evansky used the Maintenance Code as a pretext in order to retaliate against Appellant for his successful challenge to another of the City's ordinances in a separate action. The City filed preliminary objections to the Complaint, arguing, *inter alia*, that (1) the Complaint failed to state a claim for malicious prosecution because the record in this matter conclusively establishes the existence of probable cause for the City's prosecution of Appellant, and (2) the then-pending action before the district court involves the same facts and claims as those in the Complaint, and should, therefore, bar the Complaint under the doctrine of *lis pendens*. Following the district court's dismissal of Appellant's complaint in *DeRaffele II*, the City filed a supplemental brief, arguing that the trial court should sustain its preliminary objections under a theory similar to the City's initial *lis pendens* argument, but relying instead on the doctrine of *res judicata* because the district court had rendered a final judgment.

In its opinion and order sustaining the City's preliminary objections, the trial court articulated two grounds for dismissing the Complaint. First, the trial court reasoned that Appellant's initial conviction establishes, as a matter of law, that the City had probable cause to prosecute him for the violation—a conclusion not altered by the subsequent reversal of Appellant's conviction. On that basis, the trial court concluded that Appellant failed to state a claim for malicious prosecution because he cannot show one of the necessary elements of that claim—*i.e.*, that he was prosecuted without probable cause. Second, the trial court concluded that Appellant's claims are barred by *res judicata* because the district court had dismissed claims based upon the same citation.

## II. ISSUES ON APPEAL

On appeal,[1] Appellant argues that the trial court erred in sustaining the City's preliminary objections and dismissing the Complaint. First,[2] Appellant argues that *res judicata* does not bar his claims here because the relevant prior action (*DeRaffele II*) did not address malicious prosecution and did not name Evansky as a defendant. He also maintains that parties "can bring an action in [f]ederal and [s]tate [c]ourt regarding similar . . . and [the] same complaints," (Appellant's Br. at 7), and insists that, under the doctrine of the law of the case, his instant claims are not barred.[3] In response, the City argues that *res judicata* bars all of the claims in the

---

[1] In an appeal from a trial court decision sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary. *Feldman v. Hoffman*, 107 A.3d 821, 826 n.7 (Pa. Cmwlth. 2014), *appeal denied*, 121 A.3d 497 (Pa. 2015).

[2] For the purpose of analysis, we have reversed the sequence of Appellant's arguments on appeal.

[3] Appellant's reliance on the doctrine of the law of the case is misplaced. That doctrine applies in later phases of a single action on appeal. *Res judicata*, by contrast, does not limit arguments on appeal, but applies only when an action concerns the same cause of action as an

Complaint, including Appellant's malicious prosecution claim, because such claims either were raised or could have been raised in *DeRaffele II*.

Second, Appellant insists that he has "supplied the elements for malicious prosecution as a matter of law," including the absence of probable cause for his prosecution and malicious motivation, given the City's knowledge that the Maintenance Code was invalid. (*Id.* at 5-6.) In response, the City argues that the trial court correctly concluded that Appellant cannot prevail on his malicious prosecution claim because probable cause for his prosecution is conclusively established in this matter.

## III. DISCUSSION

Initially, we note that a court may sustain preliminary objections only when it is clear that the plaintiff cannot succeed on his claim, even after all doubt is resolved in the plaintiff's favor. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). Recognizing Appellant's *pro se* status, we will engage in a liberal review of the Complaint to determine whether Appellant has pleaded facts—however inartfully—that would entitle him to relief. *Madden v. Jeffes*, 482 A.2d 1162, 1165 (Pa. Cmwlth. 1984).

Under the doctrine of technical *res judicata*, or claim preclusion, "[a] final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). The doctrine "requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *J.S. v.*

action in which a final judgment has been issued, as is the case here. *See Burke v. Pittsburgh Limestone Corp.*, 100 A.2d 595, 598 (Pa. 1953).

5

*Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002), *appeal denied*, 818 A.2d 506 (Pa. 2003).

When analyzing the first and second factors to determine whether the former and present cases share a cause of action, we examine the similarities and differences of certain aspects of the two. These include the transaction or occurrence giving rise to liability, *Fisher v. Hill*, 81 A.2d 860, 864 (Pa. 1951); the fundamental issues, *Stevenson v. Silverman*, 208 A.2d 786, 788 (Pa. 1965); the evidence necessary to prevail, *Robinson v. Fye*, 192 A.3d 1225, 1231 (Pa. Cmwlth. 2018); and the type of relief requested, *Tobias v. Halifax Twp.*, 28 A.3d 223, 227 (Pa. Cmwlth. 2011), *appeal denied*, 47 A.3d 849 (Pa. 2012). This comparison is not mechanical, and "we keep in mind that a party cannot avoid *res judicata* simply by varying the legal theory for relief or by recasting the nomenclature for the relief requested." *Id.* "Generally, a cause of action will be considered identical when the subject matter and the ultimate issues are the same in both proceedings." *Id.* at 226. Moreover, Pennsylvania law prohibits parties from splitting a cause of action based on a single occurrence into multiple lawsuits against a single party, even if the first forum is not a Pennsylvania court. *See Hillgartner v. Port Auth. of Allegheny Cty.*, 936 A.2d 131, 141 (Pa. Cmwlth. 2007) ("Failure to raise a claim in the first [federal] forum and subsequently asserting it in a[ state court] action arising out of the same facts constitutes a splitting of causes of action.").

Concerning identity of parties and their capacities under the third and fourth factors, technical *res judicata*, or claim preclusion, bars future actions only between the parties to the prior action (and their privies). *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995). "Privity for purposes of *res judicata* is not established by the mere fact that persons may be interested in the same question or

6

in proving the same facts." *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1317 (Pa. Super. 1983). Where, however, one party is vicariously liable for the acts of another—as an employer is for the acts of its employee—those parties are in privity for purposes of *res judicata*. *See id.; see also Montella v. Berkheimer Assocs.*, 690 A.2d 802, 803 (Pa. Cmwlth.) (en banc) (holding that municipality is in privity with its contractors for purposes of *res judicata*), *appeal denied*, 698 A.2d 597 (Pa. 1997). When parties are in privity with one another, they are considered to be identical for purposes of *res judicata*. *Balent,* 669 A.2d at 313.

Where *res judicata* applies, it "prohibits parties involved in a prior litigation from subsequently asserting claims in a later action that were raised, *or could have been raised*, in the previous adjudication." *Hillgartner*, 936 A.2d at 141 (emphasis in original). Claims that "could have been raised" include state law claims subject to the discretionary jurisdiction of the court in the first forum. In *McArdle v. Tronetti*, 627 A.2d 1219 (Pa. Super. 1993), *appeal denied*, 641 A.2d 587 (Pa. 1994), the Pennsylvania Superior Court considered application of *res judicata* to preclude a state law claim for, *inter alia*, malicious use of process. In a previous suit, a federal district court had declined to exercise supplemental jurisdiction[4] over the same state law claims, which the plaintiff had raised along with claims arising under federal law. The court concluded that *res judicata* did not bar the state law claims because the federal district court's refusal to exercise jurisdiction over them prevented the plaintiff from pursuing those claims in the first forum. *Id.* at 1223. To support its decision, the court relied on the Restatement (Second) of Judgments:

---

[4] In any action in which a federal district court has subject matter jurisdiction over some claims, the district court may, in its discretion, exercise (or decline to exercise) supplemental jurisdiction over state law claims not otherwise within its subject matter jurisdiction. *See* 28 U.S.C. § 1367.

A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be held precluded.

*McArdle*, 627 A.2d at 1223 (quoting Restatement (Second) of Judgments § 25 cmt. e (Am. Law Inst. 1980)). In a similar case, this Court noted the *McArdle* court's reliance on the Restatement and, consistent with *McArdle*, concluded that *res judicata* applied because the federal district court had exercised supplemental jurisdiction over the pendent state law claims in the first proceeding. *See Callaghan v. Haverford Twp.* (Pa. Cmwlth., No. 1544 C.D. 2010, filed July 25, 2011), slip op. at 4-5, *appeal denied*, 42 A.3d 1061 (Pa. 2012).[5] Thus, whether the court in the first forum actually exercises (or could exercise) discretionary jurisdiction is of paramount importance in determining whether the instant claims are precluded because they could have been raised in the first forum.

Turning to the instant matter, the Complaint and Appellant's arguments on appeal make clear that, at a minimum, the Complaint asserts a claim for the state-law tort of malicious prosecution based on the City and Evansky's citation and prosecution of Appellant under the Maintenance Code. The Complaint may also be

---

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

read to support claims beyond that of malicious prosecution, including claims under Section 1983, arising from the City's prosecution of Appellant under the Maintenance Code.[6] It is undisputed on appeal that, in *DeRaffele II*, the district court rendered a final judgment on the merits by dismissing the complaint with prejudice. We now proceed, therefore, to determine whether that final judgment precludes Appellant's claims here.

The Complaint alleges that the City and Evansky "knew from the date of the [citation] that the ticket was defective since the Maintenance Code was never properly adopted," and maliciously prosecuted Appellant despite that knowledge, thereby "willfully violating [Appellant's] civil rights and due process." (Supplemental Reproduced Record (Supp. R.R.) at 6b-7b.) The complaint in *DeRaffele II* appears to be based on, *inter alia*, "the issuance of [the citation] . . . charging [Appellant] with improperly allowing a tenant to occupy the property without an inspection." *DeRaffele v. City of Williamsport* (M.D. Pa. No. 4:15-CV-02186, signed Jan. 2, 2018) (Report and Recommendation of Schwab, Mag. J.) (*DeRaffele II* Report) (describing Appellant's conviction for violation of the Maintenance Code).[7] The events supporting both complaints are, therefore, identical. Moreover, the two complaints raise the same fundamental issue: whether

---

[6] "[A] plaintiff filing a complaint in the courts of this Commonwealth is not required to specify the legal theory or theories underlying the complaint. He or she may merely allege the material facts which form the basis of a cause of action." *Heinly v. Cmwlth.*, 621 A.2d 1212, 1215 n.5 (Pa. Cmwlth. 1993) (recognizing claim under Section 1983 in complaint that did not mention that statute).

[7] Although the record in this matter does not contain a copy of the complaint in *DeRaffele II,* we note that United States District Judge Matthew W. Brann referred to and adopted in full the *DeRaffele II* Report as part of the opinion and order in that case. The Report, authored by Chief United States Magistrate Judge Susan E. Schwab and available at 2018 WL 817227, sets forth in detail the nature of the claims in *DeRaffele II*.

9

the City's prosecution of Appellant under the Maintenance Code was unlawful retaliation for Appellant's lawful acts. *See DeRaffele II* Report at 2 ("[Appellant] claims that the . . . citation was issued in retaliation for his suing the City and Evansky in other lawsuits."); (Supp. R.R. at 7b. ("The City . . . were [sic] seeking revenge since [Appellant obtained relief against the City].").) In order to prevail on the claims in both cases, Appellant would need to submit evidence of the City's intent in citing and prosecuting him and the absence of a legitimate motive for doing so. Finally, in both actions, Appellant seeks compensatory and punitive money damages. *See DeRaffele II* Report at 2 (also seeking fees and costs); (Supp. R.R. at 7b.) Based on all of these similarities, we conclude that all of Appellant's claims in the instant action are part of the same cause of action he pursued in *DeRaffele II*.

Appellant's argument against *res judicata* based on the addition of Evansky as a party in the instant suit is without merit. While Evansky was not a named party in the ultimate amended complaint in *DeRaffele II*, he is in privity with the City for purposes of *res judicata*. The Complaint contains no allegation that Evansky, individually and *not* in his role as the City's employee, violated Appellant's civil or due process rights. To the contrary, the Complaint admits that "[t]he City[,] . . . *through* . . . Evansky, prosecuted [Appellant]." (Supp. R.R. at 6b.) Given that clear language and the absence of any articulation in the Complaint to the contrary, the instant claims are against Evansky only in his capacity as the City's employee. Furthermore, there is no difference between the City's own capacities in the two actions—in both, it acted in its municipal law enforcement function. The two actions are, thus, against the same party in the same capacity.

Appellant emphasizes that the prior action (*DeRaffele II*) raised only claims under federal law and not a state law claim for malicious prosecution. That

10

is true, but it is not the end of our inquiry. We must determine whether that claim *could have been raised* in the earlier action. It is undisputed that the district court could have exercised supplemental jurisdiction over the malicious prosecution claim. 28 U.S.C. § 1367. To borrow the Restatement's language, "there [was] no jurisdictional obstacle to [Appellant's] advancing both [federal and state law] theories or grounds, but he present[ed] only one of them, and . . . he may not maintain a second action in which he tenders the other theory or ground." Restatement (Second) of Judgments, § 25 cmt. e (Am. Law Inst. 1980). Additionally, Appellant asserted civil rights claims beyond malicious prosecution against the City in *DeRaffele II* and could have brought any similar claims in that action. *See DeRaffele II*, slip op. at 3; *DeRaffele II* Report at 1-2. Accordingly, *res judicata* prevents the relitigation of those claims and bars all of Appellant's claims here.[8]

## IV. CONCLUSION

For the reasons set forth above, we conclude that the trial court did not err in sustaining the City's preliminary objections and dismissing the Complaint. Accordingly, we affirm the decision of the trial court.

P. KEVIN BROBSON, Judge

---

[8] Because we dispose of all of Appellant's claims based on *res judicata*, we need not consider his argument that the trial court improperly dismissed his malicious prosecution claim on the merits, and we do not comment on the trial court's substantive analysis of that claim.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John DeRaffele,                :
               Appellant    :
                                :
           v.              :   No. 1559 C.D. 2018
                                :
City of Williamsport and       :
Thomas Evansky, Code Inspector   :

# **O R D E R**

AND NOW, this 12th day of August, 2019, the order of the Court of Common Pleas of Lycoming County, dated August 10, 2018, is AFFIRMED.

_____
P. KEVIN BROBSON, Judge
